UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2021 APR 29 PM 1: 35
CLERK
BY
DEPUTY

| | |
|---|---|
| MATTHEW CHANEY ) <br> on behalf of himself and all others ) <br> similarly situated, ) <br>     Plaintiff(s), ) <br> ) <br> v. ) <br> ) <br> VERMONT BREAD COMPANY, ) <br> SUPERIOR BAKERY, INC., ) <br> KOFFEE KUP BAKERY, INC., ) <br> KOFFEE KUP DISTRIBUTION LLC, ) <br> and AMERICAN INDUSTRIAL ) <br> ACQUISITION CORPORATION, ) <br>     Defendant. ) | CIVIL ACTION <br> CASE NO.: 2:21-cv-120-wks |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Now Comes, Matthew Chaney ("Plaintiff") on behalf of himself and a class of those similarly situated ("Other Similarly Situated Employees"), by way of Complaint against Vermont Bread Company; Superior Bakery, Inc.; Koffee Kup Bakery, Inc.; Koffee Kup Distribution LLC and American Industrial Acquisition Corporation ("Defendants") by and through their counsel allege as follows:

### NATURE OF THE ACTION

1. This is a class action for the recovery by Plaintiff and Other Similarly Situated Employees of the Defendants, as a single employer, of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiff's rights under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 et. seq. (the "WARN Act"). Although the Plaintiff and the Other Similarly Situated Employees were nominally employed by Defendants, Vermont Bread Company ("VBC"), Superior Bakery, Inc. ("SBI") and Koffee Kup Bakery, Inc., ("KKB"), pursuant

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

to the WARN Act's single employer rule, Koffee Kup Distribution LLC ("KKD"), and American Industrial Acquisition Corporation ("AIAC") were also the Plaintiff's and the Other Similarly Situated Employees "Employer" until they were terminated as part of, or as a result of a mass layoff and/or plant closing ordered by Defendants on or about April 26, 2021. The Defendants violated the WARN Act by failing to give the Plaintiff and the Other Similarly Situated Employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act. As a consequence, the Plaintiff and the Other Similarly Situated Employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3. The violations of the WARN Act alleged herein occurred in this District and more particularly in Burlington and Brattleboro, Vermont. Venue in this Court is proper pursuant to 29 U.S.C § 2104 (a)(5).

## THE PARTIES

4. Upon information and belief, at all relevant times, Defendant VBC, was incorporated in the state of Vermont with a Facility located at 80 Cotton Mill Hill, Brattleboro, VT 05301 (the "Brattleboro Facility").

5. Upon information and belief, at all relevant times, Defendant SBI was incorporated in the state of Delaware with a Facility located at 72 Main St. N. Grosvenordale, CT 06255 (the "Superior Facility").

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

6. Upon information and belief, at all relevant times, Defendants KKB and KKD were Vermont corporations with a facility at 436 Riverside Ave, Burlington, VT 05401 (the "Burlington Facility"), and as well as other facilities (collectively with the Brattleboro Facility, Burlington Facility, and Superior Facility, "the Facilities").

7. Upon information and belief, at all relevant times, Defendant AIAC was a Delaware Corporation.

8. Upon information and belief, in 2010, KKB acquired SBI.

9. Upon information and belief, in 2013, KKB acquired VBC.

10. Upon information and belief, until April 1, 2021, although KKB continued to pay some of the employees at the Brattleboro Facility with the original VBC entity, however, the facility was owned, operated and controlled by KKB.

11. Upon information and belief, on April 1, 2021, all of the Facilities were purchased from KKB by AIAC.

12. Upon information and belief, at all relevant times, Defendants each jointly maintained, owned and operated the Facilities.

13. Plaintiff Matthew Chaney was employed by Defendants, as a single employer, at the Brattleboro Facility until his layoff without cause on or about April 26, 2021

14. Plaintiff and the Other Similarly Situated Employees were employed by Defendants as a single employer at the Facilities until their termination without cause on or about April 26, 2021 and thereafter at which time Defendants ordered a mass layoff and/or plant closing of the Facilities.

15. Upon information and belief, approximately 500 persons were employed at the Facilities by Defendants until their termination without cause on or about April 26, 2021.

16. Upon information and belief, Defendants, as a single employer, owned and operated the Facilities until on or about April 26, 2021.

17. On or about April 26, 2021 and thereafter, Defendants, as a single employer, ordered the termination of the Plaintiff's employment together with the termination of all other employees who worked at or reported to the Facilities as part of a mass layoff and/or plant closing as defined by the WARN Act for which they were entitled to receive 60 days advance written notice under the WARN Act.

## CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)

18. Pursuant to the WARN Act, 29 U.S.C. § 2104 (a)(5), the Plaintiff maintains this action on behalf of himself and on behalf of each of the Other Similarly Situated Employees.

19. Each of the Other Similarly Situated Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

20. Defendants, as a single employer, were required by the WARN Act to give the Plaintiff and the Other Similarly Situated Employees at least 60 days advance written notice prior to their terminations.

21. Prior to their terminations, neither the Plaintiff nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

22.     Defendants failed to pay the Plaintiff and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

### **CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)**

23.     The Plaintiff brings this action on his own behalf and, pursuant to the Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of herself and the Other Similarly Situated Employees who worked at the Facilities and were terminated as part of or as the reasonably foreseeable result of the mass layoff and/or plant closing ordered by the Defendants, as a single employer, on or about April 26, 2021 ("the "Class").

24.     The persons in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

25.     There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

26.     The claims of the representative party is typical of the claims of the Class.

27.     The representative party will fairly and adequately protect the interests of the class.

28.     The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

29.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the contest of WARN Act litigation,

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

where individual Plaintiffs and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

30. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether the Class Members were employees of the Defendants who worked at or reported to the Facilities;

(b) Whether Defendants, as a single employer, terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice;

(c) Whether the Defendants may rely on the WARN Acts "unforeseeable business circumstances" defense.

(d) Whether Defendants failure to provide 60 days' notice should render them liable to the Class Members for 60 days' pay and benefits.

(e) Whether the Defendants constituted a "single employer" as defined by the WARN Act.

## CAUSE OF ACTION & CLAIM FOR RELIEF: VIOLATION OF THE WARN ACT, 29 U.S.C. §§ 2101, *et. seq.*

31. At all relevant times, the Defendants, as a "single employer" employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 60 employees at the Facilities.

32. At all relevant times, each of the Defendants was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of the WARN Act and 20 C.F.R. § 639.3(a).

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

## SINGLE EMPLOYER ALLEGATIONS

33.  The Defendants constituted a "single employer" of the Plaintiff and the Class Members in that, among other things:

***Common Ownership***

*(a)*  Upon information and belief, in 2010-2013, KKB and KKD purchased a majority of the shares in VBC and SBI.

*(b)*  Upon information and belief, on April 1, 2021, AIAC purchased a majority of the shares in KKB, KKD, VBC and SBI.

***Common Directors and Officers***

*(c)*  Upon information and belief, at all relevant times, KKB, KKD, VBC and SBI did not maintain its own Board of Directors.

*(d)*  Upon information and belief, all decisions at KKB, KKD, VBC and SBI Inc. were made by the Board of Directors of AIAC.

***Dependency of Operations***

*(e)*  Upon information and belief, at all relevant times, KKB, KKD, VBC and SBI were completely dependent on AIAC for its daily operating funds which was provided either directly by AIAC or through financing arranged by AIAC.

***Unity of Personnel Policies***

*(f)*  Upon information and belief, at all relevant times, KKB, KKD, VBC, SBI and AIAC maintained common personnel policies which were put into place by AIAC including payment of wages, as well as a common health care plan all of which was carried out by AIAC.

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

(g) Upon information and belief, at all relevant times, management-level personnel at the KKB, KKD, VBC and SBI were hired by AIAC.

(h) Upon information and belief, the decision to order a mass layoff and/or plant closing without providing a WARN notice was made by AIAC on behalf of KKB, KKD, VBC and SBI.

***De Facto Control***

(i) Upon information and belief, at all relevant times, AIAC maintained sole control over all critical business decisions made on behalf of KKB, KKD, VBC and SBI, including decisions relating to Plaintiff's and the Class' employment and specifically, the decision to shut down the Facilities without providing WARN notice.

(j) The purported notice provided to some employees in connection with the mass layoff and/or plant closure was sent by Jeff Sands, Senior Advisor at AIAC.

(k) Upon information and belief, at all relevant times, all management-level personnel hiring and firing at KKB, KKD, VBC and SBI, were conducted by AIAC.

(l) Upon information and belief, the decision to shut down the Facilities without providing proper WARN notice was made by AIAC on behalf of KKB, KKD, VBC and SBI, as a single employer.

31. On or about April 26, 2021, Defendants, as a single employer, ordered the "mass layoff" and/or "plant closing" of the Facilities as those terms are defined by 29 U.S.C. § 2101(a).

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

32. The Plaintiff and the Class Members who were terminated by Defendants as a result of Defendants ordering the mass layoff and/or plant closing at the Facilities on or about April 26, 2021 were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

33. The mass layoff and/or plant closing at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendants' employees as well as 33% of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

34. The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

35. Pursuant to Sections 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 *et. seq.*, Defendants were required to provide at least 60 days prior written notice of the termination or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

36. Defendants failed to provide at least sixty (60) days prior notice to the Class Members terminations and also failed to provide notice prior to their terminations setting forth the basis for reduced notice as required by the WARN Act.

37. The Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

38. As a result of Defendants' failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

## JURY DEMAND

39. On behalf of themselves and a class of Other Similarly Situated Employees, Plaintiff demands a trial by jury in this case.

**WHEREFORE**, the Plaintiff and Class Members demand judgment against the Defendants as follows:

a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act;

b. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiff and the Class Members constitute a single class;

c. Interest as allowed by law on the amounts owed under the preceding paragraphs;

d. Appointment of the undersigned attorneys as Class Counsel;

e. Appointment of Plaintiff as the Class Representative and payment of reasonable compensation for his services as such;

f. The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6); and

g. Such other and further relief as this Court may deem just and proper.

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

Dated at the City of Rutland, County of Rutland, and the State of Vermont this 29th day of April 2021.

CLEARY SHAHI & AICHER, P.C.

By: ______________________________
Thomas P. Aicher, Esq. (VT Bar 2467)
110 Merchants Row, Third Floor
Rutland, VT 05701
Tel.: (802) 775-8800
Fax: (802) 775-8809
TPA@clearyshahi.com

\- And-

**LANKENAU & MILLER, LLP**
Stuart J. Miller (SJM 4276)
Johnathan Miller
100 Church Street, 8th FL
New York, NY 10007
P: (212) 581-5005
F: (212) 581-2122

**THE GARDNER FIRM**
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
P: (251) 433-8100
F: (251) 433-8181

Cooperating Counsel for
THE SUGAR LAW CENTER FOR
ECONOMIC & SOCIAL JUSTICE, a
non-profit law firm

***Attorneys for Plaintiff***

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800