UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MATTHEW CHANEY, NADINE MILLER, AND ARTHUR GUSTAFSON, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br>               Plaintiffs,<br><br>v.<br><br>VERMONT BREAD COMPANY, SUPERIOR BAKERY, INC., KOFFEE KUP BAKERY, INC., KOFFEE KUP DISTRIBUTION, LLC, KK BAKERY INVESTMENT COMPANY LLC, KK BAKERY HOLDING ACQUISITION COMPANY, AND AMERICAN INDUSTRIAL ACQUISITION CORPORATION,<br>               Defendants. | Civil Action No. 2:21-cv-120-wks |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS KK BAKERY HOLDING ACQUISITION COMPANY AND AMERICAN INDUSTRIAL ACQUISITION CORPORATION'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO F.R.C.P. 12(B)(2)**

NOW COME Defendants KK Bakery Holding Acquisition Company ("KKBHAC") and American Industrial Acquisition Corporation ("AIAC") and hereby submit this Memorandum of Law and accompanying Affidavit of Leonard Levie in support of their Motion to Dismiss Plaintiffs' First Amended Class Action Complaint and Demand for Jury Trial (Doc. 10) pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

## INTRODUCTION

Plaintiffs' First Amended Class Action Complaint and Demand for Jury Trial ("Complaint") is a putative class action asserting claims under the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 et seq. (the "WARN Act").

Pursuant to the WARN Act, Plaintiffs claim all named defendants did not give them 60 days' advance written notice that they would be terminated, and thus they are entitled to 60 days' wages and ERISA benefits. Plaintiffs name seven different entities as defendants. KKBHAC and AIAC, two of the seven named defendants, have no connection to Vermont or to the subject matter of Plaintiffs' lawsuit. AIAC and KKBHAC are Delaware entities, do not own interests in any Vermont companies and do not and have never owned any shares in the holding company that purchased Plaintiffs' employers. Given the lack of minimum contacts that these two Defendants have with Vermont, the State has no personal jurisdiction over KKBHAC and AIAC and the Complaint against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

## STATEMENT OF FACTS

The Complaint is a putative class action against Defendants for alleged violations of the WARN Act. (Complaint, ¶ 1). Plaintiffs claim Defendants terminated them "as part of, or as a result of a mass layoff and/or plant closing ordered by Defendants[.]" (*Id*.). According to Plaintiffs, the WARN Act requires they receive "at least 60 days' advance written notice of termination," and that Defendants failed to give them the required notice. (*Id*.). Plaintiffs seek to recover their wages and ERISA benefits for 60 days. (*Id*.).

Plaintiffs' Complaint discusses numerous transactions and names seven entities as Defendants. (Complaint, ¶¶ 4-20). These Defendants are (1) Vermont Bread Company ("VBC"); (2) Superior Bakery, Inc. ("SBI"); (3) Koffee Kup Bakery, Inc. ("KKB"); (4) Koffee Kup Distribution LLC ("KKD"); (5) KK Bakery Investment Company LLC ("KKBIC"); (6) KK

Bakery Holding Acquisition Company ("KKBHAC"); and (7) American Industrial Acquisition Corporation ("AIAC").[1]

The Complaint contains minimal allegations against KKBHAC and AIAC. The Complaint alleges "at all relevant times, Defendants . . . KKBHAC and AIAC were Delaware corporations." (Complaint, ¶ 7). It also claims that "in anticipation of purchasing 80% of the stock of VBC, SBI, KKB, and KKD ('the Acquired Entities and Facilities'), in the weeks before April 1, 2021, AIAC formed KKBIC and KKBHAC to hold its interests in the purchased entities and facilities." (Complaint, ¶ 11). The Complaint alleges "on April 1, 2021, AIAC purchased 80% of the stock of the Acquired Entities and Facilities." (Complaint, ¶ 12). Lastly, Plaintiffs allege "Defendants each jointly maintained, owned, and operated" facilities in the State. (Complaint, ¶ 13). These allegations are made on information and belief. (Complaint, ¶¶ 7, 11-13). Many of these allegations are factually incorrect.

With respect to KKBHAC, Plaintiffs are correct that KKBHAC is a Delaware entity. *See* Affidavit of Leonard Levie ("Levie Aff."), ¶ 9 (attached hereto as Exhibit A). KKBHAC is not an active entity and has no offices in any state, including Vermont. (*Id*., ¶ 9,10). It has no employees in any state, including Vermont. (*Id*., ¶ 11). It has never had any employees, including Plaintiffs. (*Id*., ¶ 12). Importantly, and contrary to Plaintiffs' allegation (made on information and belief), KKBHAC did not acquire any shares of the holding company that purchased Plaintiffs' employers, and does not and has never owned any shares in VBC, SBI, KKB, or KKD: the Acquired Entities. (*Id*., ¶¶ 13, 14). Importantly, KKBHAC also does not maintain, own, or operate any business facilities in Vermont. (*Id*., ¶ 15).

---

[1] VBC, KKB, and KKD are allegedly Vermont companies. (Complaint, ¶¶ 4, 6). SBI is a Delaware company. (¶ 5).

3

AIAC is also a Delaware entity. (*Id*., ¶ 3). AIAC has a corporate presence in New York City. (*Id*.). AIAC does not own any interest in any Vermont companies. (*Id*., ¶ 4). AIAC is not and has never been an employer of Plaintiffs' or any putative class member. (*Id*., ¶ 5). Contrary to the Plaintiffs' allegations, AIAC did not acquire any shares of the holding company that purchased Plaintiffs' employers. (*Id*., ¶ 6). AIAC does not and has never owned any shares in VBC, SBI, KKBC, or KKD. (*Id*., ¶ 7). Lastly, AIAC does not maintain, own, or operate any business facilities in Vermont. (*Id*., ¶ 8).

## ARGUMENT

### A. Legal Standard

Defendants AIAC and KKBHAC move to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. On a 12(b)(2) motion it is a plaintiff's burden to show the court has jurisdiction over the defendants. *Shat Acres Highland Cattle, LLC v. Am. Highland Cattle Ass'n*, 2021 WL 2125357, at *2 (D. Vt. Jan. 13, 2021) (citing *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996)). To meet their burden, a plaintiff must make a prima facie showing of personal jurisdiction over defendants by pleading "in good faith, legally sufficient allegations of jurisdiction." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.* 722 F.3d 81, 84 (2d Cir. 2013).

In determining whether a plaintiff has met their burden courts may consider the pleadings and affidavits. *Id*. at 86. Although all factual disputes are drawn in a plaintiff's favor, a court does not need to "accept as true a legal conclusion couched as a factual allegation." *Shat Acres*, 2021 WL 2125357, at *3 (citing *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013)). Accordingly, "conclusory non-fact specific jurisdictional allegations or legal conclusion[s] couched as . . . factual allegation[s] will not establish a prima facie showing of jurisdiction." *Id.*, at *3 (citing *DeLorenzo v. Viceroy Hotel Grp., LLC*, 757 F. App'x 6, 8 (2d Cir.

2018)). This is particularly true with allegations stated only upon information and belief, which are insufficient to establish that the court has personal jurisdiction over a defendant. *Cernansky v. Lefebvre*, 88 F. Supp. 3d 299, 308 (D. Vt. 2015).

To determine whether the Court may exercise personal jurisdiction over named defendants, courts first look to Vermont's long arm-statute. *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997); *Vieira v. Korda*, 2018 WL 2122825, at *6 (D. Vt. May 8, 2018) ("[courts] look to the law of the forum state to determine whether a federal district court has personal jurisdiction over a foreign corporation.") (citing *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016)); *Mansfield Heliflight, Inc. v. Freestream Aircraft USA, Ltd.,* 2016 WL 7176586, at *7 (D. Vt. Dec. 7, 2016) ("In diversity or federal question cases the court must look first to the long-arm statute of the forum state" to determine whether it authorizes jurisdiction over the defendant in the forum.")).  Second, courts "analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution." *Chloé v. Queen Bee of Beverly Hills*, *LLC*, 616 F.3d 158, 164 (2d Cir. 2010). The due process requirements protect an individual who does not have meaningful contacts with a forum state from being subjected to binding judgments in that state. *Bechard v. Costanzo*, 810 F. Supp. 579, 583 (D. Vt. 1992) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985)).

Vermont's long-arm statute, 12 V.S.A. § 913(b), provides:

Upon the service [on a party outside of Vermont], and if it appears that the contact with the state by the party or the activity in the state by the party or the contact or activity imputable to him is sufficient to support a personal judgment against him, the same proceedings may be had for a personal judgment against him as if the process or pleading had been served on him in the state.

Vermont courts have interpreted this statute as reflecting a "clear policy to assert jurisdiction over individual defendants to the full extent permitted by the Due Process Clause." *N. Aircraft, Inc. v. Reed*, 154 Vt. 36, 40 (1990). In essence, these "two inquiries merge under Vermont law and the Court may exercise personal jurisdiction so long as jurisdiction comports with constitutional due process." *Vieira*, 2018 WL 212825, at *7. To determine whether the exercise of personal jurisdiction comports with federal due process, it considers two components: "the 'minimum contacts' test and the 'reasonableness' inquiry." *RLB & Assocs., Ltd. v. Aspen Med. Pty.*, 2016 WL 344925, at *4 (D. Vt. Jan. 27, 2016) (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002)).

Plaintiffs have not met, and cannot meet, their burden with respect to these two Defendants. This Court does not have personal jurisdiction over Defendants KKBHAC and AIAC because they do not have sufficient minimum contacts with Vermont and it is not reasonable for this Court to exercise jurisdiction over them. Accordingly, Defendants AIAC's and KKBHAC's Motion should be granted and they should be dismissed from this action.

### B. Plaintiffs have not established that Defendants KKBHAC and AIAC have sufficient minimum contacts with Vermont to justify the Court's exercise of personal jurisdiction over them.

The allegations in Plaintiffs' Complaint fall short of establishing that Defendants KKBHAC and AIAC have sufficient minimum contacts with Vermont such that the Court can exercise personal jurisdiction over them.

A plaintiff may satisfy the minimum contacts requirement if it establishes a forum court has either general or specific jurisdiction over a defendant. The Second Circuit described general and specific jurisdiction as follows:

> Specific jurisdiction exists when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum; a court's general jurisdiction, on the other hand, is based on the defendant's general

> business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts. Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts.

*Metro Life Ins. Co.*, 84 F.3d at 567-78; *Brown*, 814 F.3d at 624 (general jurisdiction permits court to "adjudicate any cause of action against [a] corporate defendant, wherever arising, and whoever the plaintiff").

To establish general jurisdiction over a corporate defendant, courts consider whether a defendant's corporate operations are so continuous, substantial, and systematic as "to render it essentially at home in the forum." *Brown*, 814 F.3d at 627 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014)). In making this determination, courts should look to a corporation's place of incorporation and principal place of business. *Daimler*, 571 U.S. at 137. A corporation's principal place of business is normally where it maintains it headquarters. *Shat Acres*, 2021 WL 2125357, at *7 (citing *Brown*, 814 F.3d at 629). The Court has indicated it would take an "exceptional case" requiring substantial and significant contacts for "a corporation's operations in a forum other than its formal place of incorporation or principal place of business" to rise to the level of it being "at home in that State" *Daimler*, 571 U.S. at n.19. In determining a corporation's principal place of business courts may also assess its local activity in a forum relative to their nationwide and worldwide activities. *Shat Acres*, 2021 WL 2125357, at *7 (citing *Brown*, 814 F.3d at 629).

The Second Circuit applied these principles in *Brown v. Lockheed Martin*, 814 F.3d 619, and determined that Lockheed Martin was not subject to general jurisdiction in Connecticut despite its significant contact with the state. Lockheed Martin was incorporated and maintained its principal place of business in Maryland. *Id.*, at 622. Lockheed Martin

registered to do business in Connecticut in 1995, at one time leased four locations in the Connecticut, employed between 30 and 70 workers in Connecticut, derived $160 million in revenue—a "very small part" of the company's overall portfolio—from Connecticut, and paid taxes to Connecticut based on their revenues derived from the state. *Id*., at 629. Notwithstanding these contacts, the Second Circuit ruled that its contacts "fall far short of the relationship that Due Process requires" to permit the exercise of general jurisdiction over it. The District of Vermont has followed suit. *See, e.g., Shat Acres*, 2021 WL 2125357, at *8 (finding no general jurisdiction over company incorporated in South Dakota and having principal place of business in Colorado).

There is no general jurisdiction over AIAC and KKBHAC in this matter because they are not "at home" in Vermont. Plaintiffs do not allege that AIAC or KKBHAC are incorporated in or have a principal place of business in Vermont. (Complaint, ¶ 7 (alleging they are "Delaware corporations")). Nor could they. AIAC is a Delaware entity with a presence in New York City. (Levie Aff., ¶ 3). KKBHAC is a Delaware entity, but it is inactive and has no principal place of business. (*Id*., ¶ 11).

This is also not the "exceptional case" where AIAC or KKBHAC could be deemed to have a principal place of business in Vermont—a state other than their place of incorporation or their stated principal place of business. There are no alleged contacts that are so significant, systematic, or continuous that would rise to the level of either AIAC or KKBHAC being "at home" in Vermont. The jurisdictional allegations in the Complaint that are plead only "upon information and belief" are incorrect based on the Affidavit submitted herewith and are insufficient to establish general jurisdiction over either AIAC or KKBHAC (Complaint, ¶ 12, 13).

As set forth in the Affidavit submitted herewith. AIAC and KKBHAC did not acquire any shares of the holding company that purchased Plaintiffs' employers (Levie Aff., ¶6,13) and neither AIAC nor KKBHAC have maintained, owned, or operated any business facilities in Vermont. (*Id*., ¶¶ 8, 15). In addition, AIAC has never employed Plaintiffs or the other members of the putative class. (*Id*., ¶ 5). The same is true for KKBHAC, plus it is inactive and has no principal place of business at all. (*Id*., ¶¶ 9-15).

Plaintiffs also cannot establish specific jurisdiction over Defendants AIAC and KKBHAC. As set forth above, specific jurisdiction over a non-resident exists "when the cause of action sued upon arises out of the defendant's activities in a state." *Shat Acres*, 2021 WL 2125357, at *9. In evaluating whether a court has personal jurisdiction over a defendant, the "court must determine whether the defendant has 'purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws[,] . . . [which] ensures that a defendant will not be hailed into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *RLB*, 2016 WL 344925, at *4 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Thus, for specific jurisdiction the minimum contacts inquiry is satisfied if (1) the defendant purposefully availed itself of the privilege of conducting activities within the forum state, and (2) the litigation results from alleged injuries that arise out of or relate to those activities." *Shat Acres*, 2021 WL 2125357 at *9 (citing U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019). To meet this requirement, the "suit related conduct must create a substantial connection with the forum [s]tate, and the defendant's contacts must be 'with the forum state itself,' and not simply with the 'persons who reside there.'" *Id*. (citing *Walden v. Fiore*, 571 U.S. 277, 284, 285 (2014)). Courts

evaluate the "quality and nature of the defendant's contacts with the forum state under a totality of the circumstances test." *RLB*, at *4.

The Court does not have specific jurisdiction over AIAC or KKBHAC in this matter. These Defendants did not "purposefully avail" themselves of the privilege of conducting business activities in Vermont. Plaintiffs' allegations incorrectly assert that AIAC purchased a controlling interest in Plaintiffs' employers and/or facilities—mostly Vermont entities—and AIAC and KKBHAC, along with the other defendants, owned, operated and maintained facilities in Vermont. (Complaint ¶12, 13). Contrary to the Complaint's allegations, AIAC and KKBHAC have no nexus to these events or with Vermont. They are not Vermont entities and do not have a principal place of business in the State. (Levie Aff. ¶¶3, 9) They did not acquire any shares of the holding company that purchased Plaintiffs' employers (Levie Aff., ¶¶ 6, 13). They do not own and never owned any shares in VBC, SBI, KKB, or KKD. (*Id*., ¶¶ 7, 14). They do not, and have never been, an employer of Plaintiffs or any member of the putative class. (*Id*., ¶¶ 5, 11,12). They do not own, operate or maintain any business facilities in Vermont (*Id*., 8, 15). Without owning any shares in the Vermont companies at issue, and without employing the individuals who are asserting the WARN Act claims, AIAC and KKBHAC have no connection with these events and have not otherwise availed themselves of the privilege of conducting business activity in Vermont. Under the totality of these circumstances, there is an utter lack of contacts, much less the quality and nature required to show specific jurisdiction in this case. Accordingly, there is no specific jurisdiction.

In sum, there are not sufficient minimum contacts with Vermont for the Court to exercise personal jurisdiction over KKBHAC and AIAC.

### C. It would be unfair and inconsistent with traditional notions of fair play to exercise personal jurisdiction over Defendants.

If the Court finds there are sufficient minimum contacts to subject Defendants to personal jurisdiction—and it should not (*see supra*, Section B)—then it must determine whether it is reasonable to exercise jurisdiction over defendants. *See Shat Acres*, 2021 WL 2125357 at *15. That is, courts must consider "whether the assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice." *Metro Life Ins.*, 84 F.3d at 568 (quoting *Int'l Shoe Co. v. State of Wash. Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)). In doing so, courts weigh five factors:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

*Id*.

Critically, the "import of the reasonableness inquiry varies inversely with the strength of the minimum contacts showing—a strong (or weak) showing by the plaintiff on the minimum contacts reduces (or increases) the weight given to reasonableness." *See Allen-Sleeper v. Federal Express Corp.*, 2010 WL 3323660, at *6 (D. Vt. Apr. 14, 2010) (citing *Bank Brussels Lambert*, 305 F.3d at 129)). Assuming the Court finds Defendants have some minimum contacts (which AIAC and KKBAH dispute), any such showing is weak. Accordingly, Plaintiffs need to establish a strong "reasonableness" finding in order for the Court to exercise jurisdiction over these Defendants.

On balance, these factors show it would be unfair, unreasonable, and inconsistent with traditional notions of fair play and substantial justice to exercise personal jurisdiction over AIAC

and KKBHAC. First, doing so would be burdensome to Defendants.[2] Both Defendants are incorporated in Delaware and neither maintain, own or operate any business facilities in Vermont. (Levie Aff. ¶3, 8, 9, 15)  Neither Defendant acquired shares in the holding company that purchased Plaintiffs' employers, and neither owns or every owned any shares in the Vermont entities named in this suit. (Levie Aff. ¶¶ 6, 7, 13, 14) Accordingly, witnesses who would potentially testify regarding the activities of these two Defendants are not in Vermont. *See RLB*, 2016 WL 344925, at *7 (finding burden imposed on potential defendant where witnesses not in state or adjoining states). Second, Vermont's interest in this case with respect to these two Defendants is minor. While there are Vermont individuals and Vermont entities involved in the allegations in Plaintiffs' Complaint, they do not include AIAC and KKBHAC which, as set forth above, have no connection to Vermont or to Plaintiffs' claims at all. Nor does this dispute implicate Vermont law, as it involves federal law claims. *See Vieira*, 2018 WL 2122825, at *17 ("because federal courts have exclusive jurisdiction to adjudicate violations of the Securities Exchange Act, Vermont has no distinct or local interest in resolving" the dispute between the private parties). Similarly, with respect to the fourth and fifth factors, AIAC and KKBHAC have little, if anything, to do with this dispute at all and there are no substantive social policies at issue with respect to these two Defendants.

Given the lack of any contacts between KKBHAC and AIAC, Plaintiffs cannot demonstrate that it would be reasonable for the Court to exercise jurisdiction over these two Defendants and they should not be required to defend themselves in this jurisdiction. Therefore,

---

[2] When considering the third factor--the plaintiff's interest in obtaining convenient and effective relief— courts also consider where the witnesses and evidence are located. Metro Life Ins., 84 F.3d at 574. Defendants submit the analysis of the third factor is like the first, and so omits any explicit reference to this third factor.

on balance these factors reflect it would be unreasonable to subject Defendants KKBHAC and AIAC to jurisdiction in Vermont.

## **CONCLUSION**

For the foregoing reasons, Defendants AIAC and KKBHAC respectfully request that the Court GRANT their motion to dismiss pursuant to 12(b)(2), find that the Court does not have personal jurisdiction over them, and dismiss them from the case, with prejudice.

DATED at Burlington, Vermont this 3rd day of December, 2021.

                        LANGROCK SPERRY & WOOL, LLP

                        _____
                        Erin Miller Heins
                        Justin G. Sherman
                        PO Box 721, 210 College Street
                        Burlington, VT 05402-0721
                        eheins@langrock.com
                        jsherman@langrock.com
                        802-864-0217

                        Attorneys for Defendants American Industrial
                        Acquisition Corporation and KK Bakery
                        Holding Acquisition Company, LLC

1357147.1