UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Matthew Chaney, Nadine          )
Miller and Arthur Gustafson,    )
on behalf of themselves and     )
all others similarly            )
situated,                       )
                                )
     Plaintiffs,                )
                                )
          v.                    )     Case No. 2:21-cv-120
                                )
Vermont Bread Company,          )
Superior Bakery, Inc., Koffee   )
Kup Bakery, Inc., Koffee Kup    )
Distribution LLC, KK Bakery     )
Investment Company LLC, KK      )
Bakery Holding Acquisition      )
Company, and American           )
Industrial Acquisition          )
Corporation,                    )
                                )
     Defendants.                )

## OPINION AND ORDER

This case is brought as a class action alleging violations
of the Worker Adjustment and Retraining Notification ("WARN")
Act of 1988, 29 U.S.C. §§ 2101-2109, *et seq*.  Pending before the
Court is a motion to dismiss for lack of personal jurisdiction
filed by Defendants KK Bakery Holding Acquisition Company
("KKBHAC") and American Industrial Acquisition Corporation
("AIAC").  For the reasons set forth below, the Court finds
Plaintiffs are entitled to discovery on the jurisdictional
questions presented by the motion.  The motion to dismiss is
therefore denied without prejudice.

**Factual Background**

   This putative class action alleges violations of the WARN
Act in the course of layoffs and/or closures at a group of
bakery facilities in Vermont.  Specifically, Plaintiffs claim
Defendants terminated them without the statutorily-required 60
days' written notice.  Plaintiffs now seek wages and benefits
for those 60 days.

   The First Amended Complaint alleges, based upon information
and belief, a series of corporate transactions involving
Plaintiffs' former employers.  In 2010, Koffee Kup Bakery, Inc.
("Koffee Kup") purchased Defendant Superior Bakery, Inc.  In
2012, Koffee Kup purchased Vermont Bread Company.  In the weeks
prior to April 1, 2021, in anticipation of purchasing 80% of the
stock of Vermont Bread Company, Superior Bakery, Inc., Koffee
Kup and Koffee Kup Distribution, LLC (collectively the "Acquired
Entities"), Defendant AIAC allegedly formed Koffee Kup Bakery
Investment Company, LLC and KKBHAC to hold its interests in the
Acquired Entities.  On April 1, 2021, AIAC purchased 80% of the
stock of the Acquired Entities.

   Plaintiffs assert that although they worked at separate
facilities, they were employed by a single employer.  After the
April 1, 2021 stock purchase, the purchasing Defendants,
including AIAC, allegedly joined or succeeded the Acquired
Entities as that single employer.  Plaintiffs further claim that

they were terminated without cause on April 26, 2021 as part of a mass layoff and/or closing of facilities.  Approximately 400 people lost their jobs at that time.

Defendants AIAC and KKBHAC ("Movants") now move to dismiss the claims brought against them for lack of personal jurisdiction.  The First Amended Complaint alleges that both Defendants are Delaware corporations.  KKBHAC asserts that it is not an active entity and has no offices in any state, including Vermont.  It also contends that it never had any employees, and never purchased any shares in either the Acquired Entities or the holding company that purchased their shares.  AIAC submits that it does not own any interest in any Vermont corporations, has (contrary to the allegations in the First Amended Complaint) never owned shares in any of the Acquired Entities, and has never been Plaintiffs' employer.

In opposition to the motion to dismiss, Plaintiffs note that AIAC and KKBHAC never name the holding company that reportedly bought shares in the Acquired Entities.  Nor do they explain their respective relationships with that unnamed holding company.  The First Amended Complaint claims that AIAC was identified publicly by a financial advisor as the purchaser in the transaction, and was selected in part because of its operational expertise.  That allegation, they argue, suggests

that AIAC was involved not only in the financial transaction, but also in subsequent strategic business decisions.

## Discussion

### I.   Motion to Dismiss Standard and Plaintiffs' Burden

On a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(2), the "plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) (citing *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010)). When presented with such a motion, a court must "construe the pleadings and any supporting materials in the light most favorable to the plaintiffs." *Licci ex rel. Licci v. Lebanese Can. Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013).

The plaintiff's burden is governed by a "sliding scale," which "'varies depending on the procedural posture of the litigation.'" *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). If, as here, a defendant files a Rule 12(b)(2) motion prior to discovery, "the plaintiff need only make a *prima facie* showing that the court possesses personal jurisdiction over the defendant." *JCorps Int'l, Inc. v. Charles & Lynn Schusterman Family Found.*, 828 F. App'x 740, 742 (2d Cir. 2020) (quoting

*DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001)); *see also Eades v. Kennedy, PC Law Offs.*, 799 F.3d 161, 167–68 (2d Cir. 2015).  At that early stage in the case, a plaintiff need only plead "an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (internal quotation marks and citation omitted); *see also Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998).  After discovery, the plaintiff's "*prima facie* showing must be factually supported." *Dorchester Fin. Sec.*, 722 F.3d at 85 (quoting *Ball*, 902 F.2d at 197).  "Conclusory allegations based only on information and belief are not sufficient" to provide such factual support. *McGlone v. Thermotex, Inc.*, 740 F. Supp. 2d 381, 383 (E.D.N.Y. 2010) (citing *Jazini*, 148 F.3d at 183–84).

## II. **Personal Jurisdiction**

"In the absence of a federal statute specifically directing otherwise, and subject to limitations imposed by the United States Constitution, [the Court] look[s] to the law of the forum state to determine whether a federal district court has personal jurisdiction[.]" *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016) (citing Fed. R. Civ. P. 4(k)(1)(A)).  The analysis consists of a two-part inquiry: (1) whether the defendant is amenable to service of process under the forum

state's laws, and (2) whether the court's assertion of
jurisdiction under those laws comports with the requirements of
due process. *Ehrenfeld v. Mahfouz*, 489 F.3d 542, 547 (2d Cir.
2007). Vermont's long-arm statute permits the exercise of
personal jurisdiction over a non-resident defendant "to the full
extent permitted by the . . . Due Process Clause" of the
Fourteenth Amendment. *State v. Atl. Richfield Co.*, 2016 VT 22,
¶ 10, 201 Vt. 342, 349, 142 A.3d 215, 220 (internal quotation
marks omitted). The first part of the test therefore merges
with the second part, and the sole question is whether the
assertion of personal jurisdiction satisfies due process. *See
Metro. Life Ins. Co.*, 84 F.3d at 867.

The due process "analysis consist[s] of two components: the
'minimum contacts' test and the 'reasonableness' inquiry." *Bank
Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120,
127 (2d Cir. 2002). "To determine whether a defendant has the
necessary 'minimum contacts,' a distinction is made between
'specific' and 'general' personal jurisdiction." *In re
Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 2d
Cir. 2013). Specific jurisdiction "exists when a forum
exercises personal jurisdiction over a defendant in a suit
arising out of or related to the defendant's contacts with the
forum[.]" *Id.* at 673-74 (alteration and internal quotation
marks omitted). General jurisdiction "is based on the

6

defendant's general business contacts with the forum and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts." *Id.* at 674 (alteration and internal quotation marks omitted).

In this case, Plaintiffs argue the Court has personal jurisdiction over AIAC and KKBHAC based upon specific jurisdiction.  ECF No. 43 at 9.  "[A] State may authorize its courts to exercise [specific] personal jurisdiction over an out-of-state defendant if the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation omitted)).  "For the purpose of establishing specific personal jurisdiction, the necessary fair warning requirement is satisfied if the defendant has purposefully directed [its] activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities."  *In re Terrorist Attacks*, 714 F.3d at 674 (internal quotation marks omitted). There must be "'some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and

protections of its laws.'"  *Goodyear*, 564 U.S. at 924 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

The Supreme Court has clarified that the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  *Walden v. Fiore*, 571 U.S. 277, 285 (2014). The contacts must be created by the "defendant [it]self," *id.* at 284, rather than by the "unilateral activity of another party or a third person," *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984).  "[A] defendant's contacts with the forum State may be intertwined with [its] transactions or interactions with the plaintiff or other parties," *Walden*, 571 U.S. at 286, "[b]ut the plaintiff cannot be the only link between the defendant and the forum.  Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him," *id.* at 285.

Here, the pleadings allege that AIAC played a significant role in the purchase of a group of Vermont companies. Plaintiffs also claim that AIAC was involved in post-purchase business decisions.  AIAC's precise role in the purchase of stock, and in the decision to lay off workers, is less clear. KKBHAC also appears to have been an integral player in the purchase of the Acquired Entities, even if its existence as an

entity was short-lived.  That neither company had a physical presence in Vermont is not a factor, as the Supreme Court has long held that actual presence in the state is not a prerequisite for minimum contacts.  *Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985).  In sum, Plaintiffs claim that both Movants were directly involved in the purchase of Vermont companies, and possibly in the decision to terminate Plaintiffs' employment.  Their allegations of unlawful conduct arise out of those Vermont contacts.  Accepting Plaintiffs' allegations as true, and construing the allegations in their favor, the Court finds that Movants may have reached out and engaged with Vermont in a manner that constituted purposeful availment.

Plaintiffs have also shown that litigating in this Court would be reasonable.  When determining whether personal jurisdiction is reasonable, a court considers:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

*Chloé*, 616 F.3d at 164.  Accepting the allegations in the Amended Complaint as true, Movants each involved themselves in significant Vermont transactions and may therefore be able to litigate here without an undue burden.  Vermont has a "manifest

9

interest" in providing means of redress for its residents, *Burger King Corp.*, 471 U.S. at 483, and Plaintiffs have an interest in adjudicating where they reside.  The final two factors are neutral.  The Court therefore finds that, again accepting Plaintiffs' factual allegations as true, asserting jurisdiction over Movants would comport with "traditional notions of fair play and substantial justice," *Int'l Shoe Co.*, 326 U.S. at 316, such that it satisfies the reasonableness inquiry of the Due Process Clause.

Movants protest that Plaintiffs' claims are based on information and belief, and that they rely upon unsupported statements by third parties.  At this early stage in the case, however, the Court looks only to the allegations in the pleadings to find a *prima facie* showing of personal jurisdiction.  *See Jazini*, 148 F.3d at 185.  Evidentiary support, most commonly obtained through discovery, is not required*.  See Ball*, 902 F.2d at 197 (holding that "[p]rior to discovery, . . . the plaintiff's *prima facie* showing may be established solely by allegations").[1]

---

[1] The Court also notes that to obtain additional information related to jurisdiction, plaintiffs may not be required to make a *prima facie* showing so long as offers sufficient facts to warrant further investigation.  *See Leon v. Shmukler*, 992 F. Supp. 2d 179, 194 (E.D.N.Y. 2014) (holding that "it is well settled under Second Circuit law that, even where plaintiff has not made a *prima facie* showing of personal jurisdiction, a court may still order discovery, in its discretion, when it concludes

Ultimately, Plaintiffs must demonstrate personal jurisdiction with a preponderance of evidence. *See Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981) (holding that, after establishing its *prima facie* case, "the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial"). To evaluate whether they have met that burden, the Court requires additional factual development. *See Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (2d Cir. 2000) (concluding that when a defendant has "challenged the factual basis of the court's jurisdiction, the court may not deny the motion to dismiss merely by assuming the truth of the facts alleged by the plaintiff and disputed by the defendant. Instead, the court must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss").

"A district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (internal quotations and citations omitted). The primary

---

that the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record") (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 208 (2d Cir. 2003)).

tool for developing such facts is jurisdictional discovery.
This is particularly true when, as in this case, "plaintiffs
[have not] had ample opportunity to uncover and present evidence
relating to the events bearing on the jurisdictional question."
*Id.*

Accordingly, the Court denies the pending motion to dismiss
without prejudice, such that Plaintiffs can engage in
jurisdictional discovery and the motion may be re-filed on a
more developed record.  Such jurisdictional discovery may
include: the Movants' respective roles in the transaction at
issue; their ownership interests in entities related to the
transaction; their roles in any post-transaction business
decisions, specifically with respect to Plaintiffs' employment;
the purpose of their formation and/or dissolution; any and all
contacts with people or entities in the State of Vermont; and
any other facts relevant to the jurisdictional analysis.  This
Opinion and Order shall not impact the progress of discovery for
other parties in the case.

## Conclusion

For the reasons set forth above, the motion to dismiss for
lack of personal jurisdiction (ECF No. 36) is denied without
prejudice.  Plaintiffs may engage in jurisdictional discovery
over the next 60 days.  The pending motion to stay discovery
(ECF No. 51) is denied as moot.

DATED at Burlington, in the District of Vermont, this 14th day of March, 2022.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge