UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Matthew Chaney, Nadine          )
Miller and Arthur Gustafson,    )
on behalf of themselves and     )
all others similarly            )
situated,                       )
                                )
        Plaintiffs,             )
                                )
            v.                  )       Case No. 2:21-cv-120
                                )
Vermont Bread Company,          )
Superior Bakery, Inc., Koffee   )
Kup Bakery, Inc., Koffee Kup    )
Distribution LLC, KK Bakery     )
Investment Company LLC, KK      )
Bakery Holding Acquisition      )
Company, and American           )
Industrial Acquisition          )
Corporation,                    )
                                )
        Defendants,             )
                                )
and                             )
                                )
Linda Joy Sullivan, in her      )
capacity as the Dissolution     )
Receiver for Koffee Kup         )
Bakery, Inc., Vermont Bread     )
Company and Superior Bakery,    )
Inc.,                           )
                                )
        Intervenor-Defendant-   )
        Crossclaimant,          )
                                )
            v.                  )
                                )
KK Bakery Investment Company,   )
LLC, KK Bakery Holding          )
Acquisition Company, and        )
American Industrial             )
Acquisition Corporation,        )
                                )
        Crossclaim Defendants.  )

## OPINION AND ORDER

Plaintiffs Matthew Chaney, Nadine Miller, and Arthur Gustafson bring this action on behalf of themselves and a putative class alleging violations of the Worker Adjustment and Retraining Notification Act of 1988 ("WARN Act"), 29 U.S.C. §§ 2101-2109, *et seq*.  Pending before the Court is Plaintiffs' motion for class certification, appointment of class representatives, and approval of class counsel.  Plaintiffs also move for approval of the form and manner of class notice.  For the reasons set forth below, Plaintiffs' motion is granted.

## Factual Background

On April 26, 2021, Vermont Bread Company, Inc., Superior Bakery, Inc., and Koffee Kup Bakery, Inc. ceased operations.  As a result, over 400 people lost their jobs.  The WARN Act requires that before executing a plant closing or mass layoff, a covered employer must provide 60 days' written notice to employees.  Plaintiffs allege that Defendants failed to provide the required notice.  Accordingly, the First Amended Complaint seeks wages and benefits for a maximum of 60 days on behalf of Plaintiffs, as well as a putative class of other similarly situated employees.

The WARN Act's notice requirement applies to employers with 100 or more employees.  Defendants were separate corporations with plants in three different locations, two in Vermont and one

in Connecticut.  At least half of the 400 laid-off employees worked in the Vermont facilities.  Plaintiffs contend that despite the separate corporate entities and plant locations, Defendants qualified as a "single employer" for purposes of the WARN Act.  Defendants dispute the "single employer" characterization, and submit that Superior Bakery and Vermont Bread Company each employed fewer than 100 full-time employees.

The question of whether Defendants constituted a "single employer" invites an inquiry into their corporate relationships. The First Amended Complaint alleges that Koffee Kup Bakery purchased Superior Bakery in 2010.  In 2013, Koffee Kup Bakery purchased Vermont Bread Company.  It is undisputed that at the time of the alleged WARN Act violations, those entities were wholly-owned subsidiaries of Kup Co.

Plaintiffs claim that in the weeks prior to April 1, 2021, in anticipation of purchasing 80% of the stock of Vermont Bread Company, Superior Bakery, Koffee Kup Bakery and Koffee Kup Distribution, LLC, Defendant American Industrial Acquisition Corp. AIAC ("AIAC") formed Koffee Kup Bakery Investment Company, LLC and Koffee Kup Bakery Holding Acquisition Company to hold its stock interests.  After the stock purchase on April 1, 2021, the purchasing Defendants allegedly joined or succeeded the purchased entities as Plaintiffs' "single employer."

Plaintiffs filed their Class Action Complaint on April 29, 2021, and their First Amended Class Action Complaint on June 15, 2021.  On March 17, 2022, Linda Joy Sullivan moved to intervene as the Dissolution Receiver for Koffee Kup Bakery, Vermont Bread Company, and Superior Bakery.  The Court granted her unopposed motion on March 30, 2022.  Now before the Court is Plaintiffs' motion regarding class certification and related issues.  ECF No. 76.

## Discussion

### I.   The WARN Act and Class Actions

The WARN Act prohibits employers of 100 or more employees from ordering "a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order."  29 U.S.C. § 2102(a); *see also Cashman v. Dolce Int'l/Hartford, Inc.*, 225 F.R.D. 73, 78 (D. Conn. 2004).  This advance notice aims to "provide[] workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market."  20 C.F.R. § 639.1(a); *see also Guippone v. BH S&B Holdings LLC*, 737 F.3d 221, 225 (2d Cir. 2013).  Failure to provide a WARN Act notice may subject an employer to civil liability in the form of

4

back pay and benefits for the period of the WARN Act violation up to a maximum of 60 days.  *See* 29 U.S.C. § 2104(a)(1).

"Because WARN Act lawsuits are permitted only against employers with more than 100 employees, WARN actions are particularly amenable to class-based litigation." *Cashman*, 225 F.R.D. at 90; *see also Guippone v. BH S&B Holdings LLC*, No. 09 CIV. 1029 CM, 2011 WL 1345041, at *2 (S.D.N.Y. Mar. 30, 2011) ("Class certification is routinely granted in WARN Act cases."). "Nonetheless, the Court must still ensure that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met before it certifies a WARN class." *Austen v. Catterton Partners V, LP*, 268 F.R.D. 146, 148 (D. Conn. 2010).

When presented with a motion for class certification, the Court must first determine whether, as required by Rule 23(a): (1) the proposed class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative plaintiffs are typical of the claims or defenses of the class; and (4) the representative plaintiffs will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  These four requirements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation.

Beyond the Rule 23(a) requirements, certification of the class must be deemed appropriate under one of the three Rule 23(b) subcategories. *Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir. 2010). Here, Plaintiffs move to certify a class under Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members," and that a class action "is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In addition, Plaintiffs must satisfy the implied requirement of ascertainability, which requires them to show that the class is sufficiently well-defined. *In re Petrobras Sec.*, 862 F.3d 250, 260 (2d Cir. 2017).

"The Second Circuit has instructed district courts that Rule 23 is to be given a liberal rather than a restrictive interpretation." *Cashman*, 225 F.R.D. at 90 (citations omitted). Each requirement must be satisfied by a preponderance of the evidence. *Brown*, 609 F.3d at 476.

## II.  The "Single Employer" Question

Defendants argue that the Court should not consider the question of class certification without first determining whether they may be held liable under the WARN Act. Specifically, Defendants submit that as separate corporate entities with separate plant locations, they may not be grouped

together as a single employer.  If Defendants do not qualify as a single employer, entities such as Superior Bakery and Vermont Bread Company may not be liable under the WARN Act since they reportedly employed fewer than 100 employees.  Defendants also argue that they were not all involved in the decision to end Plaintiffs' employment, and thus may not be held jointly liable for the alleged failure to provide WARN Act notice.

Plaintiffs argue that the single employer issue is a liability question to be determined after class certification. Plaintiffs also contest some of Defendants' factual assertions, including claims about the number of people employed by each entity.  There is no dispute that resolving the single employer question will require discovery.

In *Guippone*, the Second Circuit adopted a five-factor test set forth in the Department of Labor ("DOL") regulations to determine if related entities constitute a single employer.  737 F.3d at 226 (citing 20 C.F.R. § 639.3(a)(3)).  The relevant DOL regulation provides that

> independent contractors and subsidiaries which are wholly or partially owned by a parent company are treated as separate employers or as part of the parent or contracting company depending upon the degree of independence from the parent.  Some of the factors to be considered in making this determination are (i) common ownership, (ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common source, and (v) the dependency of operations.

20 C.F.R. § 639.3(a)(2).  As noted by the Third Circuit, these factors are useful in determining "whether the nominally separate corporations actually functioned as a single entity." *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 503-04 (3d Cir. 2001).  "As in any balancing test, application of these factors requires a fact-specific inquiry, no one factor set out by the DOL is controlling, and all factors need not be present for liability to attach."  *Guippone*, 737 F.3d at 226.

The Court must decide whether to perform this "fact-specific" inquiry prior to, or after, class certification.  The inquiry may prove dispositive for some or all Defendants.  The Supreme Court has warned that "[i]n determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974).  The Supreme Court also requires a "rigorous analysis" of the Rule 23 prerequisites, *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160-61 (1982), and has noted that this "rigorous analysis" often "entails some overlap with the merits of the plaintiff's underlying claim," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) ("*Wal-Mart*").

Plaintiffs submit that although the single employer question is a merits issue, it is also common to the entire

proposed class and need not be resolved prior to certification. The Court agrees.  Each named Plaintiff represents a group of similarly-situated persons formerly employed by one or more Defendants.  Insofar as a Plaintiff must show a threshold number of Defendant employees, or a Defendant's involvement in the decision to lay people off, those same facts will need to be established by all others within that Plaintiff's class.  In other words, the questions are common to the entire group.  They do not, as detailed more fully below in the Rule 23 analysis, impact the propriety of certifying a class.

"When, as here, 'the concern about the proposed class is not that it exhibits some fatal dissimilarity but, rather, a fatal similarity – [an alleged] failure of proof as to an element of the plaintiffs' cause of action – courts should engage that question as a matter of summary judgment, not class certification.'"  *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 457 (2016) (alteration in original); *see also, e.g., Grimes v. Evergreen Recreational Vehicles, LLC*, No. 3:16-CV-472-JD, 2018 WL 1257237, at *3 (N.D. Ind. Mar. 12, 2018) ("the outstanding question of whether or not each of the Defendant entities constitutes an employer covered by the WARN Act, 29 U.S.C. § 2101(a)(1), does not necessarily bar class certification; rather, it presents a common question of law and fact that will affect the putative class"); *Ramcharan v. A.F.L. Quality, Inc.*,

No. 1:12-CV-07551, 2014 WL 4388579, at *9 (D.N.J. Sept. 5, 2014)
(concluding that "consideration of the merits of Plaintiff's
'single employer' theory of liability does not render
certification of the putative class inappropriate at this
juncture"), *reversed in part on other grounds on
reconsideration*, 2015 WL 4275534 (D.N.J. Apr. 14, 2015).
Indeed, as suggested in *Tyson Foods*, the single employer issue
is most appropriately presented in a separate dispositive motion
after discovery.  577 U.S. at 457; *see, e.g., In re Taylor Bean
& Whitaker Mortg. Corp.*, No. 3:09-BK-07047-JAF, 2010 WL 4025873,
at *5 (Bankr. M.D. Fla. Sept. 27, 2010) ("The Court will not
summarily deny class certification based on specific, merit-
based WARN Act requirements before the parties have had some
opportunity to conduct discovery.").

     While Defendants urge the Court to delay class
certification, such a delay could give rise to due process
concerns.  Assuming a class is ultimately certified, members of
the class are entitled to notice in the early stages of the
proceeding.  *See* Fed. R. Civ. P. 23(c)(1)(A) (requiring that a
class action determination be made at "an early practicable
time").  Early notice offers potential class members the
opportunity to assess the claims, determine whether they wish to
be a part of the litigation, and acknowledge that their rights
may be affected.  "Before an absent class member may be forever

10

barred from pursuing an individual damage claim . . . due process requires that he receive some form of notice that the class action is pending and that his damages claims may be adjudicated as part of it." *Johnson v. Gen. Motors Corp.*, 598 F.2d 432, 438 (5th Cir. 1979). Consequently, courts generally favor early notice. *See Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) ("The purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well before the merits of the case are adjudicated."); *see also Brown v. Colegio de Abogados de P.R.*, 613 F.3d 44, 51 (1st Cir. 2010); *Collins v. E.I. DuPont de Nemours & Co.*, 34 F.3d 172, 180 (3d Cir. 1994).

For each of these reasons, the Court will proceed to a review of the proposed class under Rule 23.

## III. Class Certification

### A. Rule 23(a) Requirements

As noted above, Rule 23(a) requires the Court to first consider four requirements: numerosity, commonality, typicality, and adequacy of representation. *Wal-Mart*, 564 U.S. at 349. To establish numerosity, "the class [must be] so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *accord Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 80 (2d Cir. 2015). In the Second Circuit, numerosity is typically presumed for a class of 40 or more plaintiffs. *See*

11

*Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 252 (2d Cir. 2011).

Here, the proposed class is comprised of hundreds of laid-off workers.  While some Defendants contend that they employed closer to 90 employees, rather than the 100 required for WARN Act liability, even 90 employees would be sufficient for class certification.  Furthermore, while the financial interests of individual plaintiffs might not compel them to fund this litigation, the size of the proposed class makes litigation more feasible.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985) ("Class actions also may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.").  The Court therefore finds that the numerosity requirement has been met.

"The commonality and typicality requirements tend to merge into one another, so that similar considerations animate analysis" of both.  *Marisol A. by Forbes v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997).  The commonality requirement is satisfied if "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  The claims must depend upon a common contention "of such a nature that it is capable of classwide resolution - which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Wal-Mart*,

564 U.S. at 350.  Typicality is satisfied if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Robinson v. Metro-N. Commuter R.R.*, 267 F.3d 147, 155 (2d Cir. 2001), *abrogated on other grounds by Wal-Mart*, 564 U.S. at 362, *as recognized in Amara v. CIGNA Corp.*, 775 F.3d 510 (2d Cir. 2014).

"The commonality and typicality requirements are fairly easily met in an action brought under the WARN Act." *Cashman*, 225 F.R.D. at 92.  This case is no exception.  Plaintiffs and the proposed class members were allegedly terminated as part of a mass layoff.  The entire class will claim that Defendants failed to provide WARN Act notice.  Whether Plaintiffs were employed by a single employer or by separate entities will be determined after discovery and, most likely, dispositive motions.  For present purposes, the single employer question is a commonality that favors class certification.  *See Ramcharan*, 2014 WL 4388579, at *6 (finding that single employer question was an issue common to the class).  The Court thus concludes that commonality and typicality have been satisfied.

To demonstrate adequacy of representation, Plaintiffs must first show that counsel is qualified, experienced, and generally able to conduct the litigation.  *See In re Drexel Burnham Lambert Grp.*, 960 F.2d 285, 291 (2d Cir. 1992).  They must also

show that the proposed class members do not have conflicting interests. *See id*. Here, the Court finds that class counsel is adequate, as Plaintiffs' attorneys have over 20 years of collective experience bringing WARN Act class actions and appear to have sufficient resources to commit to the case. *See* Fed. R. Civ. P. 26(g). The Court further finds that the interests of the Plaintiffs are largely co-extensive, focusing on the single employer question, the layoff decision, and WARN Act compliance.

The Dissolution Receiver submits that a joint damages award will complicate her task of determining the various corporate liabilities, and that Plaintiffs will have conflicts of interest with respect to the allocation of assets among those entities. It appears from the parties' briefing, however, that AIAC is the entity most likely to satisfy a judgment, thus alleviating concerns about conflicts of interest among workers from the three different bakery sites. The Court therefore finds the proposed class will be adequately represented. *See Assif v. Titleserv, Inc.*, 288 F.R.D. 18, 25 (E.D.N.Y. 2012).

Finally, the class is easily ascertained. *See Brecher v. Republic of Arg.*, 806 F.3d 22, 24-25 (2d Cir. 2015) ("A class is ascertainable when defined by objective criteria that are administratively feasible and when identifying its members would not require a mini-hearing on the merits of each case."). This case seeks a relatively uniform remedy for a single group of

workers, each of whom was terminated at the same time. Pay records will render the information needed to identify the class.

Defendants argue that the proposed definition of the class as persons who "worked at or reported to" a named facility is too vague. The phrase "worked at" is easily applied to employees who spent their workdays at a respective facility. The phrase "reported to" corresponds directly with the DOL's WARN Act guidance. *See* 20 C.F.R. § 639.3(i)(6) (for employees who work primarily off-site, the site "to which they report will be the single site in which they are covered for WARN purposes"). The Court therefore finds that Plaintiffs have satisfied the requirement of ascertainability.

**B. Rule 23(b) Requirements**

Under Rule 23(b)(3), a class may be certified if

the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

15

> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

Rule 23(b)(3)'s predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation" in order to "ensure that the class will be certified only when it would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010) (citations and internal quotation marks and alterations omitted); *see also Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 73 (E.D.N.Y. 2004). "While the commonality requirement of Rule 23(a)(2) mandates that common questions of law or fact exist among the putative class members," the predominance requirement "is more stringent and requires that such common questions be the focus of the litigation." *Steinberg*, 224 F.R.D. at 73.

In this case, the predominance requirement is easily met as the question of WARN Act violations predominates. *See, e.g., Nieves v. Cmty. Choice Health Plan of Westchester, Inc.*, 08 CV 321(VB)(PED), 2012 WL 857891, at *3 (S.D.N.Y. Feb. 24, 2012)

("it appears to the Court that the issues of proof are common to all members of the [WARN Act] class and such issues predominate over any issues any individual class member may have"). Defendants contend that commonality and predominance may be frustrated because the various class members will have different compensation plans or benefits, thereby complicating the determination of damages.  As the court reasoned in *Cashman*, however, "some damage and benefit calculations — especially for those members of the class with significant medical expenses or who obtained alternate employment during the alleged violation period — may require more individualized effort.  However, these issues are not likely to predominate."  225 F.R.D. at 95.

"The second prong of Rule 23(b)(3), commonly referred to as the superiority element, requires the court to examine whether a class action is superior to other methods of adjudication." *Steinberg*, 224 F.R.D. at 73.  In this instance, a class action is superior to hundreds of individual claims, particularly given the relatively small value of individual WARN Act claims as compared to the aggregate relief sought by the putative class. *See, e.g., Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (concluding that a WARN Act claim "easily satisfied" the superiority requirement of Rule 23(b)(3)); *May v. Blackhawk Mining*, LLC, 319 F.R.D. 233, 239 (E.D. Ky. 2017) ("Plaintiff and

17

the proposed class claims would not be economically viable if
brought independently and therefore class claims are superior to
adjudication individually."). The Court also notes the
efficiencies of a class action as weighed against any individual
interests in controlling separate lawsuits; acknowledges the
desirability of concentrating the claims in a single forum; and
finds that management of a class action is preferable to the
management of hundreds of individual actions. *See Assif*, 288
F.R.D. at 25. Accordingly, Plaintiffs have satisfied the
superiority requirement.

## IV.  Appointment of Class Representatives

Because each of the named Plaintiffs will fairly and
adequately represent members of the class, the Court appoints
them as class representatives.

## V.   Notice of the Class Action

Plaintiffs next ask the Court to approve their proposed
notice to the class. Pursuant to Federal Rule of Civil
Procedure 23(c)(2)(B), a notice must provide:

> the best notice that is practicable under the
> circumstances, including individual notice to all
> members who can be identified through reasonable
> effort. . . . The notice must clearly and concisely
> state in plain, easily understood language: (i) the
> nature of the action; (ii) the definition of the class
> certified; (iii) the class claims, issues, or
> defenses; (iv) that a class member may enter an
> appearance through an attorney if the member so
> desires; (v) that the court will exclude from the
> class any member who requests exclusion; (vi) the time

and manner for requesting exclusion; and (vii) the
binding effect of a class judgment on class members
under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).  The notice proposed by Plaintiffs

satisfies these requirements.  The Court also finds that notice

by mail, with at least 35 days from the date of mailing to opt

out of the class, is sufficient.

On a final note, some courts have chosen to resolve the

single employer question after certifying a class, but prior to

authorizing class notice.  *See, e.g., Guippone* 2011 WL 1345041,

at *8.  The Court declines to follow that path here.  In

*Ramcharan*, the district court at first ordered delayed

notification, citing *Guippone*, but reversed itself upon

reconsideration.  *Ramcharan*, 2015 WL 4275534, at *4.  "Changing

its earlier decision to stay the issuance of class notice, the

*Ramcharan* [court] concluded, in light of the prevalent legal

authority, that class members should be notified of the class

action 'in advance of the summary judgment motion that may

determine [a party's] liability . . . .'"  *Pennington v. Fluor

Corp.*, No. 0:17-CV-02094-JMC, 2019 WL 2537674, at *6 (D.S.C.

June 20, 2019) (quoting *Ramcharan*, 2015 WL 4275534, at *4).

The case law cited by the *Ramcharan* reconsideration

analyzed several issues that would apply here, including the

potential for harm to "absent class members who are unable to

appear prior to the merits adjudication," and the waste of

19

resources if a merits determination binds only the named
plaintiffs.  2015 WL 4275534, at *4.  Furthermore, as discussed
previously, delayed notice raises due process concerns.  *See
Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315
(1950) ("The notice must be of such nature as reasonably to
convey the required information, and it must afford a reasonable
time for those interested to make their appearance . . . .
[W]hen notice is a person's due, process which is a mere gesture
is not due process.").

The Federal Rules of Civil Procedure do not set forth a
specific time period for class notice.  *See* Fed. R. Civ. P.
23(c)(2)(B); *R&D Bus. Sys. v. Xerox Corp.*, 150 F.R.D. 87, 91
(E.D. Tex. 1993) ("Fed. R. Civ. P. 23(c)(2) does not specify
when notice must be sent, leaving that decision to the sound
discretion of the Court and the circumstances of the particular
case.").  "The general rule is that notice should issue swiftly
after class certification and before a formal determination on
the merits."  *Pennington*, 2019 WL 2537674, at *5 (citing
*McKinney v. U.S. Postal Serv.*, 292 F.R.D. 62, 68 (D.D.C. 2013));
*see also* 7A WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE 3d, §
1788 ("[T]he question of when the notice is given directly
relates to the ability to assure that the absentees' rights are
fully protected.  Thus, notice must be sent long before the
merits of the case are adjudicated.").  In this case, the Court

finds that early class notice will not prejudice Defendants, and that a delay would heighten the chances of inefficiency and constitutional harm.  Accordingly, notice to the class will not be delayed.  *See, e.g., Pennington*, 2019 WL 2537674, at \*7 ("The court declines to go down such a questionable path [of delaying notification] that can be easily avoided with the swift, forthcoming dissemination of class notice.").

## Conclusion

For the reason set forth above, Plaintiffs' motion for class certification, appointment of class representatives, approval of class counsel, and approval of the form and manner of class notice (ECF No. 76) is granted.

DATED at Burlington, in the District of Vermont, this 17th day of August, 2022.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge