```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT

Matthew Chaney, Nadine          )
Miller and Arthur Gustafson,    )
on behalf of themselves and     )
all others similarly            )
situated,                       )
                                )
        Plaintiffs,             )
                                )
             v.                 )    Case No. 2:21-cv-120
                                )
Vermont Bread Company,          )
Superior Bakery, Inc., Koffee   )
Kup Bakery, Inc., Koffee Kup    )
Distribution LLC, KK Bakery     )
Investment Company LLC, KK      )
Bakery Holding Acquisition      )
Company, and American           )
Industrial Acquisition          )
Corporation,                    )
                                )
        Defendants,             )
                                )
and                             )
                                )
Linda Joy Sullivan, in her      )
capacity as the Dissolution     )
Receiver for Koffee Kup         )
Bakery, Inc., Vermont Bread     )
Company, Inc. and Superior      )
Bakery, Inc.,                   )
                                )
        Intervenor-Defendant-   )
        Crossclaimant,          )
                                )
             v.                 )
                                )
KK Bakery Investment Company,   )
LLC, KK Bakery Holding          )
Acquisition Company, and        )
American Industrial             )
Acquisition Corporation,        )
                                )
        Crossclaim Defendants.  )
```

## OPINION AND ORDER

Defendants American Industrial Acquisition Corporation, KK Bakery Investment Company LLC, and KK Bakery Holding Acquisition Company (collectively "Movants") move the Court to reopen the deposition of KeyBank, N.A.  The basis for the motion is that Movants were unable to question KeyBank's representative during the bank's Rule 30(b)(6) deposition.  Movant's former counsel had filed a motion to withdraw from the case, and the Court granted the motion while the KeyBank deposition was in progress.  Consequently, former counsel was prevented from asking the KeyBank representative any questions.

Movants' new counsel now asks the Court for leave to continue the deposition to a second day.  Counsel represents that the questioning will be limited to under two hours, which would keep the deposition within the seven-hour time limit set forth in Federal Rule of Civil Procedure 30(d)(1).  The objecting parties claim the Movants created the problem themselves by substituting counsel at that precise time, and that they have failed to show why a continued deposition would be necessary, useful, or proportional to the needs of the case.

Pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii), a party must obtain leave of court to depose a previously-deposed witness if the parties do not stipulate otherwise.  A court may grant such leave to the extent

consistent with Federal Rules of Civil Procedure 26(b)(1) and (2). Fed. R. Civ. P. 30(a)(2). Rule 26(b)(2)(C) requires a court to limit the frequency or extent of discovery if it determines (1) the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," (2) the party seeking discovery has had "ample opportunity to obtain the information by discovery in the action," or (3) "the proposed information is outside the scope" of discovery permitted by the Federal Rules. Fed. R. Civ. P. Rule 26(b)(2)(C)(i-iii). Courts will also review whether the burden of a second deposition outweighs its potential benefits. *See, e.g.*, *Ganci v. U.S. Limousine Serv., Ltd.*, No. CV 10-3027 JFB AKT, 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011). A district court has broad discretion when adjudicating such discovery issues. *See In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (observing that the "district court has wide latitude to determine the scope of discovery").

In this case, KeyBank played an important role as the principal lender to the Koffee Kup entities since 2014. It was Key Bank that reportedly sent those entities a notice of default days before they closed, and engaged in relevant communications up to and after the closure. Movants have unique interests in

KeyBank's knowledge of such facts, and are entitled to seek information relative to those interests.

While it may be argued that Movants had an opportunity to obtain such information during the first deposition, the evidence presented with the motions indicates that Movants' counsel, both old and new, acted reasonably and in good faith. Although the motions to substitute counsel and for counsel to withdraw were filed in close proximity to the KeyBank deposition date, no party could have predicted the Court would issue an order while the deposition was under way.  Upon receiving that ruling, former counsel appropriately refrained from questioning the KeyBank witness, and new counsel may now proceed with the deposition on Movants' behalf.  Given that Movants' new counsel has agreed to limit the length of the deposition and has offered the option of witness appearance by video, the Court finds the potential benefits of a brief, continued deposition outweigh the potential burden on the witness or the other parties.

The motion to reopen (ECF No. 134) is therefore GRANTED.

DATED at Burlington, in the District of Vermont, this 31st day of October, 2022.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge