UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Matthew Chaney, Nadine          )
Miller and Arthur Gustafson,    )
on behalf of themselves and     )
all others similarly            )
situated,                       )
                                )
        Plaintiffs,             )
                                )
            v.                  )    Case No. 2:21-cv-120
                                )
Vermont Bread Company,          )
Superior Bakery, Inc., Koffee   )
Kup Bakery, Inc., Koffee Kup    )
Distribution LLC, KK Bakery     )
Investment Company LLC, KK      )
Bakery Holding Acquisition      )
Company, and American           )
Industrial Acquisition          )
Corporation,                    )
                                )
        Defendants,             )
                                )
and                             )
                                )
Linda Joy Sullivan, in her      )
capacity as the Dissolution     )
Receiver for Koffee Kup         )
Bakery, Inc., Vermont Bread     )
Company, Inc. and Superior      )
Bakery, Inc.,                   )
                                )
        Intervenor-Defendant-   )
        Crossclaimant,          )
                                )
            v.                  )
                                )
KK Bakery Investment Company,   )
LLC, KK Bakery Holding          )
Acquisition Company, and        )
American Industrial             )
Acquisition Corporation,        )
                                )
        Crossclaim Defendants.  )

## OPINION AND ORDER

Defendants American Industrial Acquisition Corporation ("AIAC") and KK Bakery Investment Company LLC ("KKBIC") (collectively "Movants") move the Court for a protective order with respect to the Rule 30(b)(6) depositions of AIAC and KKBIC, currently scheduled for November 10 and 11, 2022.  Plaintiffs have proposed 62 deposition topics.  Movants contend the topics are not sufficiently tailored for either temporal or substantive relevance, are not stated with reasonable particularity, and seek testimony that is protected by the attorney-client privilege.  As the parties have failed to reach agreement on those objections, Movants seek a protective order from the Court.  For the reasons set forth below, the motion is granted in part and denied in part, and movants' related motion to stay is denied.

## Background

This class action alleges violations of the WARN Act in connection with the closure of a group of bakery facilities. Relevant to the upcoming Rule 30(b)(6) depositions, the core facts include: the acquisition of shares of Kup Co. by KKBIC; operations of the Koffee Kup entities between November 2020 and April 2021; closure of the bakeries in April 2021; and efforts to find a buyer after the April 2021 closure and prior to the sale to Flowers Food in August 2021.  The deposition topics

2

proposed by Plaintiffs include questions about those events, as well as inquiries into the relationships between AIAC, KKBIC, and related entities as Plaintiffs seek to support their "single employer" theory.

Movants object, at least in part, to over half of the 62 deposition topics proposed by Plaintiffs.  Movants first object to questions about events that pre-date the acquisition of Kup Co. shares, arguing that events prior to that date are not relevant.  Movants also object to questioning about the present-day relationships between Kup Co., the Koffee Kup entities, AIAC, and KKBIC, asserting that those current relationships are not relevant to the 2021 closures and alleged WARN Act violations.

Movants next submit that the proposed inquiries into AIAC's affiliates, and the business dealings of those affiliates, are overly broad.  Plaintiffs' counsel has argued that such matters are relevant to show the nature of operational and financial control regularly maintained by AIAC over its affiliates, as well as the assets that are available to AIAC and the authorization of certain persons to act as AIAC's agents.  ECF No. 148-11 at 2.  Movants' counsel noted in a letter to opposing counsel that AIAC has been affiliated with hundreds of companies worldwide, and that questions about its business dealings must therefore be narrowed in scope.  ECF No. 148-9 at 4.

Movants also object to certain topics as lacking reasonable particularity.  For example, the first two topics propose general questions about discovery responses and documents that have been produced without identifying any specific responses or documents.  Other objections overlap with Movants' prior claims regarding either temporal or substantive relevance.  Finally, Movants object to certain topics as seeking access to privileged information.

Movants filed their motion, together with an emergency motion to stay the Rule 30(b)(6) depositions, eight days before the depositions are scheduled to start.  In compliance with the Court's request, Plaintiffs submitted an immediate response.  Plaintiffs note, among other things, that the Notices of Deposition were served in July 2022, and that Movants waited until essentially the eve of the depositions to file their motions.  Plaintiffs claim prejudice from the compressed response timeline.  They also allege "stonewalling and prior inadequate discovery responses."  ECF No. 151 at 6.

## **Discussion**

The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Federal Rule of Civil Procedure 26(c) provides: "[t]he court may, for good cause, issue a [protective]

order to protect a party or person from annoyance,
embarrassment, oppression, or undue burden or expense."
However, the Rule "is not a blanket authorization for the court
to prohibit disclosure of information whenever it deems it
advisable to do so, but is rather a grant of power to impose
conditions on discovery in order to prevent injury, harassment,
or abuse of the court's processes." *Bridge C.A.T. Scan Assocs.
v. Technicare Corp.*, 710 F.2d 940, 944-45 (2d Cir. 1983).  The
moving party bears the burden of establishing "good cause" to
obtain a protective order pursuant to Rule 26.  *Gambale v.
Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004).

## I.    Temporal Relevance

Movants' argument with respect to temporal relevance has
merit.  For example, topics 15-19, 21-23, and 25 seek testimony
on agreements with, payments to, and communications with or
concerning a host of people and entities with no date
limitation.  Movants report that one such entity, Titanium
Corporation, has been affiliated with AIAC since 1998.  Another,
Dorset Partners, has been involved with AIAC since 2013.  Given
these lengthy relationships, it would be unreasonable to expect
a deponent to prepare for such questions without a date
limitation.  Accordingly, while the Court declines to strike
individual topics on this basis, any such questions must be
limited to events (communications, payments, etc.) that took

place no more than two years prior to the alleged WARN Act violations.

As to topics that post-date the closures and alleged legal violations, Movants acknowledge that certain events, such as recent communications about the closure of the Koffee Kup entities, may be relevant.  ECF No. 148 at 11 n.9.  Accordingly, rather than impose an additional temporal restriction, the Court will address Movants' post-sale date objections below on the basis of substantive relevance and the required reasonable particularity.

## II.  Substantive Relevance

Movants ask the Court to limit all questioning strictly to matters relating to the Koffee Kup entities.  While that limitation is somewhat narrow, it is close to the mark.  There can be no dispute that matters relating to the Koffee Kup entities, including but not limited to the purchase of shares and the closure of the bakery facilities, are relevant.  Also relevant are the relationships between AIAC, KKBIC, and other affiliates and individuals, as those relationships may bear on whether certain parties constituted a "single employer."  Accordingly, the Court will allow questions that go beyond the Koffee Kup transactions.  The breadth of such questioning, however, must be tailored to ultimately support Plaintiffs' "single employer" claim as it pertains to this case.

6

## III. Reasonable Particularity

Rule 30(b)(6) requires deposition issues and topics to be set forth with "reasonable particularity."  Fed. R. Civ. P. 30(b)(6).  "The purpose of this rule is to avoid the difficulties encountered by both sides when the party to be examined is unable to determine who within the corporation would be best able to provide the information sought."  *Innomeds Labs, LLC v. Alza Corp*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002).  Once the deposing party has served a notice that meets this requirement, the responding party must designate the persons with knowledge of those issues and topics.  *See Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999).

On their face, several of Plaintiffs' proposed topics lack the required particularity.  For example, the first two topics call for the witness to be able to discuss all AIAC discovery responses and all documents produced by AIAC and/or KKBIC.  In most cases, without identifying specific documents or responses or even categories of documents or responses, such requests would be inadequate.  *See, e.g., Krasney v. Nationwide Mut. Ins. Co., No*. 3:06 CV 1164 JBA, 2007 WL 4365677, at *3 (D. Conn. Dec. 11, 2007) ("federal judges have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) Notices").  Here, however, Plaintiffs report that after numerous requests AIAC has

produced only 22 pages of documents.  Consequently, the requests are not as broad as they initially appear, and the Court will allow questioning with respect to those documents and Plaintiffs' discovery requests generally.

Topic 31 is similarly broad, as it seeks "Facts relating to AIAC's affirmative defenses in its Answer under the heading 'AFFIRMATIVE DEFENSES.'"  *See In re Indep. Serv. Org. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (finding request for testimony about affirmative defenses to be "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information").  Topic 14 asks the witness to testify about "any meeting(s) and/or minutes of any governing body of any of the following: KUP Co., Inc., KKBHAC, VBC, SBI, KKB, KKD."  Topics 21, 25, 32-39, 44 and 45 propose questioning about various entities or individuals with no limitations as to subject matter.  Again, in the ordinary case such requests could be considered overly broad.

Here, Plaintiffs are faced with late-filed motions to delay or prevent questioning of a Rule 30(b)(6) witness after their prior efforts at discovery reportedly resulted in minimal production.  While their listed topics are in many cases overly-broad, the overarching issue is one of scope.  As set forth above, a reasonable temporal limitation is warranted.  Also, the

deposing party must tailor all questioning to the primary
theories in the case.

Plaintiffs' broad questions about corporate relationships
and individual communications appear to be aimed at (1)
identifying all parties bearing responsibility for the alleged
WARN Act violations and (2) garnering support for the "single
employer" theory.  So long as the deposing party's questions are
limited in scope to such matters, and to any other theories or
factual development relevant to the claims or defenses asserted
in this case, the overbreadth of individual proposed deposition
topics will be of no consequence.  The Rule 30(b)(6) deponent
should be prepared to answer only such questioning, and need not
come to the deposition equipped with knowledge beyond that which
is relevant to the facts, allegations, and legal theories
presented by the parties.

## IV.  Attorney-Client Privilege

Movants' final objection is to topics that seek privileged
information.  Attorney-client privilege may be asserted by
counsel on a question-by-question basis at the time of the
deposition, and need not be addressed by the Court in a
protective order.

## Conclusion

For the reasons set forth above, the motion for protective
order (ECF No. 148) is granted to the extent that questioning

must be limited to a certain time period and must be tailored to address only issues that are relevant to this case.  The motion is otherwise denied.  The related emergency motion to stay (ECF No. 149) is denied.

DATED at Burlington, in the District of Vermont, this 8th day of November, 2022.


/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge