UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| MATTHEW CHANEY, NADINE MILLER, AND ARTHUR GUSTAFSON, on behalf of themselves and all others similarly situated,<br>　　　　　　Plaintiffs,<br>　v.<br><br>VERMONT BREAD COMPANY, SUPERIOR BAKERY, INC., KOFFEE KUP BAKERY, INC., KOFFEE KUP DISTRIBUTION, LLC, KK BAKERY INVESTMENT COMPANY LLC, KK BAKERY HOLDING ACQUISITION COMPANY, and AMERICAN INDUSTRIAL ACQUISITION CORPORATION,<br>　　　　　　Defendants,<br><br>　　and<br><br>LINDA JOY SULLIVAN, in her capacity as the Dissolution Receiver for Koffee Kup Bakery, Inc., Vermont Bread Company, Inc., and Superior Bakery, Inc.,<br>　　　　　　Intervenor-Defendant-<br>　　　　　　Crossclaimant,<br><br>　v.<br><br>KK BAKERY INVESTMENT COMPANY LLC, KK BAKERY HOLDING ACQUISITION COMPANY, and AMERICAN INDUSTRIAL ACQUISITION CORPORATION,<br>　　　　　　Crossclaim-Defendants. | Civil Action No. 2:21-cv-120-WKS<br><br><br><br><br><br><br><br><br><br><br><br>INTERVENOR-DEFENDANT-<br>CROSSCLAIMANT<br>LINDA JOY SULLIVAN'S<br>RESPONSE TO<br><u>MOTION TO WITHDRAW</u> |

　　　　Intervenor-Defendant-Crossclaimant Linda Joy Sullivan, in her capacity as Dissolution Receiver for Koffee Kup Bakery, Inc., Vermont Bread Company, Inc., and Superior Bakery, Inc. (collectively the "Dissolution Receiver") hereby responds to the Motion To Withdraw filed last week by the DINSE firm as follows.

　　　　In moving to withdraw pursuant to V.R.P.C. 1.16(b)(5) and (6), the DINSE firm cites no underlying facts to support that request. It is possible, if not likely, that those facts are hidden from view by the attorney-client privilege, however, the result is that the Dissolution Receiver can neither comment on those facts nor take a position on the Motion.

That said, and in the absence of any explanation for the withdrawal, the Dissolution Receiver has grave concerns that this is yet another delay tactic perpetrated by Mr. Levie and his entities, American Industrial Acquisition Corporation ("AIAC") and Koffee Kup Bakery Investment Company LLC ("KKBIC"). In their most recent tactic to delay and avoid answering questions or providing documents, last month Mr. Levie executed a highly disruptive, last-minute "bait and switch" just days before he was to sit for important Rule 30(b)(6) depositions of AIAC and KKBIC noticed by Plaintiffs. Counsel for AIAC and KKBIC previously advised that Mr. Levie was the only person capable of competently representing AIAC and KKBIC in those depositions and that the only dates he had available in 2022 were November 10th and 11th. For months we were told Mr. Levie was the designated witness for those depositions. Then, on November 7, we were told Mr. Levie had a conflict in that he had to attend another hearing on November 10 in a state court in Oklahoma. Despite our request, no further information was provided. It turns out that information was false. Mr. Levie was not scheduled as a witness for that hearing and did not attend that hearing in person or virtually. Yet, on the mornings of November 10 and November 11, Mr. Sands, who was scheduled as a witness in that Oklahoma proceeding, was presented as the Rule 30(b)(6) witness for AIAC and KKBIC. The result of that last-minute 30(b)(6) substitution was a corporate designee who was blatantly, even admittedly, unprepared to answer many questions to key topics.

The Motion To Withdraw is equally suspicious, and problematic, because dispositive motions are due in this matter on January 3. If the DINSE firm is allowed to withdraw, as appears likely, there is little doubt that Mr. Levie will ask for an unacceptable delay in the pretrial schedule, and for a lengthy extension of time to propound and respond to those substantive motions, or will seek some other delay in these proceedings while he seeks substitute counsel who in turn will seek more time to get up to speed. That delay, on top of the four-month delay caused by his earlier substitution of counsel, will prejudice the Dissolution Receiver and the creditors of the Koffee Kup Estates by resulting in a further delay in the resolution of the claim asserted in the Dissolution Proceedings filed by the Plaintiffs, and thus delay the distribution to general unsecured creditors.

If a conflict has arisen under the rules, the undersigned counsel presumes that the attorneys at the DINSE firm are proceeding ethically and appropriately.  That presumption, however, does not extend to Mr. Levie or his entities, as his actions towards the Koffee Kup Entities (including those giving rise to this WARN Act proceeding), as well as in the dissolution proceedings pending in Chittenden Superior Court, have fallen well short of the standards of conduct expected of litigants in Vermont courts.

One cannot help but suspect that if a conflict has arisen, it was by the design of Mr. Levie.  This withdrawal reeks of improper delay and maneuvering.  If the Court grants the motion to withdraw, we ask the Court to extend the time for <u>all</u> parties to submit dispositive motions so that Mr. Levie and his related defendants do not get an extended free look at the motions filed by other parties and -- taking into consideration the impact of a delay upon the unsecured creditors of the Koffee Kup Entities -- we further ask that any extension be reasonably limited in duration.

Dated:  December 19, 2022

**DENTONS US LLP**

*/s/ Peter D. Wolfson*
Peter D. Wolfson, Esq.
(admitted *pro hac vice*)
Arthur H. Ruegger, Esq.
(admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Tel.:  (212) 768-6700
Email:  peter.wolfson@dentons.com
          arthur.ruegger@dentons.com

and

David Dunn, Esq.
**PHILLIPS, DUNN, SHRIVER AND CARROLL, P.C.**
147 Western Avenue
Brattleboro, Vermont 05031
Tel.: (802) 257-724, ext. 112
Email: ddunn@pdsclaw.com

*COUNSEL FOR LINDA JOY SULLIVAN,*
*INTERVENOR-DEFENDANT-CROSS-CLAIMANT*