UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| Matthew Chaney, Nadine Miller and Arthur Gustafson, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:21-cv-120 |
| Vermont Bread Company, Superior Bakery, Inc., Koffee Kup Bakery, Inc., Koffee Kup Distribution LLC, KK Bakery Investment Company LLC, KK Bakery Holding Acquisition Company, and American Industrial Acquisition Corporation, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| Linda Joy Sullivan, in her capacity as the Dissolution Receiver for Koffee Kup Bakery, Inc., Vermont Bread Company, Inc. and Superior Bakery, Inc., | ) ) ) ) ) ) | |
| Intervenor-Defendant-Crossclaimant, | ) ) ) | |
| v. | ) ) | |
| KK Bakery Investment Company, LLC, KK Bakery Holding Acquisition Company, and American Industrial Acquisition Corporation, | ) ) ) ) ) ) | |
| Crossclaim Defendants. | ) | |

**ORDER**

The motion for protective order (ECF No. 182) filed by Defendants American Industrial Acquisition Corporation and KK Bakery Investment Company LLC ("AIAC Defendants") is **denied.** The Court hereby ORDERS production by the AIAC Defendants of all documents and answers to questions previously requested of them, including but not limited to:

> 1) all documents/communications relating to/reflecting AMTC's involvement and/or AMTC payments related in any way to Koffee Kup/KKBIC/AIAC/Kup Co. relative to the purchase of Koffee Kup, Kup Co., and/or related entities, including without limitation the securities purchase agreement involving KKBIC and KUP Co., Inc; the Dorset Partners invoice (KKBIC 14171-72); the unredacted wire transfer confirmation (AIAC 12) and any attorneys' fees/expenses through present;
>
> 2) all documents/communications relating to/reflecting any loan and/or other agreement between AMTC and any other entity concerning the funds AMTC paid relating in any way to Koffee Kup/AIAC/KKBIC/Kup Co. relative to the purchase of Koffee Kup, Kup Co., and/or related entities;
>
> 3) all documents/communications relating to/reflecting the Dorset Partners' invoice (KKBIC 14171-72), including the payment thereof (in unredacted form(s));
>
> 4) all documents/communications relating to/reflecting agreements/retainers/payments made with/to any of the following in relation to Koffee Kup/AIAC/KKBIC/Kup Co. related involvement (whether pre or post acquisition): Jeff Sands; Dorset Partners, LLC, Mark Gauthier, David Cryer, John Tomlinson, Rhonda Halladay, Brian Shiau, Lyle Deitch, Bill Reichert, Bob Auger, Dave Sands, Deborah Cannavino, Marc Mandelman, Epstein Becker Green, John Cannavino, Cummings & Lockwood LLC, Joseph Selinger, TCORS, Alex Edelman, Primmer Piper Eggleston & Cramer PC; Erin Miller Heins, Langrock Sperry & Wool, LLP, Dinse, Daniel L. Burchard, McCormick,

Fitzpatrick, Kasper & Burchard, P.C. and Terry Kirwan, Kirwan Law;

5) all documents relating to/reflecting communications about the WARN notices including, without limitation, communications with attorneys; Koffee Kup HR; mailing house(s); state/governmental agencies;

6) documents sufficient to show AIAC's and KKBIC's assets during 2021 to present;

7) all documents provided to/received from any employees/executives of any of the Koffee Kup entities (including without limitation JF Morin; Mark Coles; Stephanie Hanker; Susan Leonard and Ben Richards) from January 1, 2021 to present.

8) all documents/communications relating to/reflecting Mr. Levie's involvement, payment and/or direction/authorization of payment(s) related in any way to Koffee Kup/AIAC/KKBIC/Kup Co, including without limitation the securities purchase agreement involving KKBIC and KUP Co., Inc; the Dorset Partners invoice (KKBIC 14171-72) and any attorneys' fees/expenses, through the present.

With respect to any document for which the AIAC Defendants claim attorney-client privilege, they shall produce a privilege log that fully complies with the Federal Rules of Civil Procedure and controlling case law within the Second Circuit.  All production is subject to the parties' Stipulated Confidentiality and Protective Order.

Production shall be made by or before 9:00 a.m. on March 1, 2023.  Failure to comply with this Order in good faith will be considered in the context of the Court's ultimate ruling on the pending motion for sanctions (ECF No. 158).

3

DATED at Burlington, in the District of Vermont, this 27th day of February, 2023.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge