UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| MATTHEW CHANEY, NADINE MILLER, AND ARTHUR GUSTAFSON, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br>        Plaintiffs,<br><br>v.<br><br>VERMONT BREAD COMPANY, SUPERIOR BAKERY, INC., KOFFEE KUP BAKERY, INC., KOFFEE KUP DISTRIBUTION, LLC, KK BAKERY INVESTMENT COMPANY LLC, KK BAKERY HOLDING ACQUISITION COMPANY, AND AMERICAN INDUSTRIAL ACQUISITION CORPORATION,<br>        Defendants.<br><br>LINDA JOY SULLIVAN, IN HER CAPACITY AS THE DISSOLUTION RECEIVER FOR KOFFEE KUP BAKERY, INC., VERMONT BREAD COMPANY, INC., AND SUPERIOR BAKERY, INC.,<br>        Intervenor-<br>        Defendant-<br>        Crossclaimant,<br><br>v.<br><br>KK BAKERY INVESTMENT COMPANY, LLC, KK BAKERY HOLDING ACQUISITION COMPANY, AND AMERICAN INDUSTRIAL ACQUISITION CORPORATION,<br>        Crossclaim<br>        Defendants. | Docket No. 2:21-cv-120-wks |

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFFS' AND DISSOLUTION RECEIVER'S MOTIONS AND IN FURTHER SUPPORT OF DEFENDANTS KK BAKERY INVESTMENT COMPANY LLC'S & AMERICAN INDUSTRIAL ACQUISITION CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

Defendants, KK Bakery Investment Company LLC ("KKBIC") and American Industrial Acquisition Corporation ("AIAC"), by and through counsel, submit this reply memorandum of law in support of their motion pursuant to Federal Rule of Civil Procedure 56 for Motion for Summary Judgment dismissing the First Amended Complaint or Granting Alternative Relief.

### FACTUAL BACKGROUND

KKBIC and AIAC respectfully refer the Court to its prior submissions for a complete and accurate recitation of the pertinent facts in this case.

### DISCUSSION

### POINT I

**UNDER THE CIRCUMSTANCES THE COMPANY WAS EXCUSED FROM THE 60-DAY NOTICE PERIOD**

Not all shutdowns require 60 days' notice. The WARN Act provides exceptions to the 60-day notice requirement when the subject layoff or worksite closing occurred due to: unforeseen business circumstances, faltering companies and/or natural disasters. 29 U.S.C.A. § 2102(b); Guippone v. BH S & B Holdings LLC, 737 F.3d 221, 228 (2d Cir. 2013) (setting forth the exceptions to the 60-day notice period as "unforeseeable business exception, faltering company or fiduciary liquidation").

29 U.S.C.A. § 2102(b) provides:

> (b) Reduction of notification period (1) An employer may order the shutdown of a single site of employment before the

2

>   conclusion of the 60-day period if as of the time that notice would have been required the employer was actively seeking capital or business which, if obtained, would have enabled the employer to avoid or postpone the shutdown and the employer reasonably and in good faith believed that giving the notice required would have precluded the employer from obtaining the needed capital or business.
>
>   (2)(A) An employer may order a plant closing or mass layoff before the conclusion of the 60-day period if the closing or mass layoff is caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required.
>
>   (B) No notice under this chapter shall be required if the plant closing or mass layoff is due to any form of natural disaster, such as a flood, earthquake, or the drought currently ravaging the farmlands of the United States.

Id.

In this case, as set forth in numerous motion documents previously filed, the sellers of Koffee Kup, the owner of the three bakeries at issue, concealed the true financial status of the company from KKBIC prior to and during the sale of Koffee Kup to KKBIC. After the sale was complete, Koffee Kup's CFO, Mark Coles, finally shared Koffee Kup's true financial status with KKBIC, which predicted substantial losses and extreme negative cash flow issues. The true financials also revealed that Koffee Kup was deeply insolvent and unable to continue its operations without a massive infusion of external capital. Such capital requirement was far beyond what Coles and the sellers of Koffee Kup led KKBIC to believe was required to keep Koffee Kup operational. These unexpected circumstances made it impossible for KKBIC to sustain Koffee Kup's operations and made further injections of capital by KKBIC irresponsible.

In its April 26, 2021 letter notifying Koffee Kup's employees of the unavoidable shutdown ("Notification"), KKBIC provided in pertinent part:

> Koffee Kup has been operating at a loss for some time. It has been in default of certain terms and conditions of its outstanding loans with its senior lender. This lender had allowed the company to continue operating pursuant to a forbearance agreement that has expired.
>
> Just yesterday, our lender sent a default notice to the company demanding immediate payment of outstanding loans, asserting its rights to take possession of our assets and confirming that it would no longer extend credit to cover operating costs of the company including payroll.

See ECF Doc. No. 202-11. The unexpected action of the bank, taken on April 25, 2021, foreclosed any chance that KKBIC had to continue operations. The short pause between the bank's actions and the Notification to Koffee Kup's employees certainly falls within the unforeseen business circumstances exception. See 29 U.S.C.A. § 2102(b)(2)(A).

Moreover, as set forth in the Notification, Kup Co. "was actively seeking capital or [a buyer that could continue operations] which, if obtained, would have enabled the [Kup Co.] to avoid or postpone the shutdown [of Koffee Kup] and [Kup Co.] reasonably and in good faith believed that giving the notice required would have precluded it from obtaining the needed capital or [buyer]. See 29 U.S.C.A. § 2102(b). Particularly, the Notification provided, in pertinent part, because of the unforeseen depth of the company's insolvency, it:

> had undertaken very substantial efforts to obtain additional financing or investors. We have had many discussions and negotiations with our senior lender aimed at sustaining operations and we have introduced the bank to additional potential investors. However, the lender has not approved new investors, declined to further extend the forbearance agreement,

4

> and declined to loan any additional funds to the company. **Because of this, continuing operations is no longer commercially reasonable or prudent**.
>
> \*\*\*
>
> Therefore, although many promising avenues were explored that we were cautiously optimistic would have allowed Koffee Kup to survive, those efforts have now been exhausted without success and Koffee Kup no longer has sufficient capital to continue operations. We were unable to provide you with this notice any earlier as we were uncertain of the success of the efforts that we have been making to continue operating. **Earlier notice of this unfortunate outcome would have been premature and would have jeopardized those very efforts**.

See ECF Doc. No. 202-11 (emphasis added).

Therefore, even if it is determined that KKBIC and/or AIAC comprise a single employer with Koffee Kup, which is vehemently denied, the 60-day notice period should be waived pursuant to the unforeseen business circumstance and/or faltering business exceptions to such notice. As a result, on this point alone, the Court should grant Defendants' motion for summary judgment dismissing the First Amended Complaint.

## POINT II

### AIAC AND KKBIC SHOULD NOT BE CONSIDERED A SINGLE EMPLOYER WITH KOFFEE KUP

In this case, AIAC was clearly not the purchaser of Koffee Kup. See ECF Doc. No. 202-5. Moreover, AIAC's purpose was to turn around the company, not to close it. However, after the hidden and unforeseen depth of Koffee Kup's financial woes became known, it was apparent that keeping the company operational was impossible. It was at that point that AIAC became involved in trying to find capital and/or a buyer to keep the company operational and did find Flowers, the ultimate buyer of Koffee Kup. As such,

AIAC had "an interim and limited purpose," and should not be considered as a single employer. See Newspaper Guild of New York, Loc. No. 3 of Newspaper Guild, AFL-CIO v. N.L.R.B., 332 NLRB 1041, 1044 (2000), *affirmed* 261 F.3d 291 (2d Cir. 2001).

Moreover, as argued extensively in the motion papers previously submitted to the Court, KKBIC does not qualify as a single employer with Koffee Kup either. See Newspaper Guild of New York, 261 F.3d 291 (2d Cir. 2001)("[The] management subsidiary formed by newspaper corporation for purpose of managing bankrupt newspaper to preserve it as acquisition opportunity, and asset purchase subsidiary formed by same corporation for purpose of competing for asset purchase of newspaper, were not alter egos, and did not constitute single employer, and thus any obligation of management subsidiary to bargain with union did not devolve upon asset purchase subsidiary.").

As a result, neither KKBIC nor AIAC should be considered a single employer with Koffee Kup, and the Court should grant their motion for summary judgment dismissing the First Amended Complaint.

## POINT III

### THE DETAILED MINUTES OF KUP CO'S BOARD OF DIRECTORS PROVE WHO MADE THE DECISIONS CONCERNING THE ACTIVITIES OF KUP CO AFTER THE SALE OCCURRED

The detailed minutes of the meetings of Kup Co's Board of Directors in April 2021 clearly demonstrate the facts, circumstances, corporate governance, and logic behind the wind up of the Subsidiaries of Kup Co. The Plaintiffs have asserted in their filings that no such evidence exists to demonstrate that Kup Co. had a board or exercised its authority with respect to these matters. The minutes provide prima facie proof that Kup Co., not

KKBIC, AIAC, or other parties, was the decision maker and that decisions were made prudently, with the opinion of specialized counsel, and in compliance with the requirements of Key Bank. See ECF Doc. No. 219-3; 219-4, & 219-5.

## POINT IV

### TESTIMONY OF THE CFO OF KOFFEE KUP CONFIRMED THE CONCEALMENT OF THE FINANCIAL CONDITION OF KUP CO

KKBIC, AIAC, and the individual sellers of Kup Co. engaged in AAA arbitration last month. The arbitration testimony shall provide prima facie proof of the fraudulent concealment of the CFO of Koffee Kup that is at the heart of this case and that supports the exception to the WARN Act. Based on the rules of the AAA, and the order of the arbitrator, this arbitration testimony is sealed until the arbitration award is rendered by the arbitrator. The ruling is expected shortly. Pertinent portions of the transcript will be supplied after the award is issued.

## CONCLUSION

Based on the above and all prior proceeding and submission, the Court should deny Plaintiffs' and Dissolution Receiver's motions and grant the motion of Defendants, American Industrial Acquisition Corporation and KK Bakery Investment Company LLC, for Summary Judgment dismissing the First Amended Complaint or Granting Alternative Relief.

Dated: May 15, 2023

          **McCormick, Fitzpatrick, Kasper & Burchard P.C**
          *Attorney for Defendants*
          *American Industrial Acquisition Corporation and KK Bakery Investment Company, LLC*

          By: /s/ Daniel L. Burchard
          Daniel L. Burchard, Esq.
          40 George Street, P.O Box 638
          Burlington, Vermont 05402-0638
          (802) 863-3494 x127


          **KIRWAN LAW**
          *Attorney for Defendants*
          *American Industrial Acquisition Corporation and KK Bakery Investment Company, LLC*

          By:/s/ Terry J. Kirwan, Jr.
          Terry J. Kirwan, Jr.
          Bar Roll #501821
          2401 Burnet Avenue
          Syracuse, New York 13206
          (315) 452-2443
          tkirwan@kirwanlawpc.com