```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Matthew Chaney, Nadine          )
Miller and Arthur Gustafson,    )
on behalf of themselves and     )
all others similarly            )
situated,                       )
                                )
       Plaintiffs,              )
                                )
             v.                 )    Case No. 2:21-cv-120
                                )
Vermont Bread Company,          )
Superior Bakery, Inc., Koffee   )
Kup Bakery, Inc., Koffee Kup    )
Distribution LLC, KK Bakery     )
Investment Company LLC, KK      )
Bakery Holding Acquisition      )
Company, and American           )
Industrial Acquisition          )
Corporation,                    )
                                )
       Defendants,              )
                                )
and                             )
                                )
Linda Joy Sullivan, in her      )
capacity as the Dissolution     )
Receiver for Koffee Kup         )
Bakery, Inc., Vermont Bread     )
Company, Inc. and Superior      )
Bakery, Inc.,                   )
                                )
       Intervenor-Defendant-    )
       Crossclaimant,           )
                                )
             v.                 )
                                )
KK Bakery Investment Company,   )
LLC, KK Bakery Holding          )
Acquisition Company, and        )
American Industrial             )
Acquisition Corporation,        )
                                )
       Crossclaim Defendants.   )
```

**OPINION AND ORDER**

Pending before the Court is Plaintiffs' motion for sanctions against Defendants American Industrial Acquisition Corporation ("AIAC") and KK Bakery Investment Company LLC ("KKBIC") (collectively the "AIAC Defendants"). The motion initially pertained to issues surrounding the depositions of AIAC and KKBIC Rule 30(b)(6) designees, and was subsequently extended by the Court to encompass other discovery disputes. Those disputes included efforts to depose Leonard Levie and Plaintiffs' allegations of incomplete document production. For the reasons set forth below, the motion for sanctions is granted.

**Factual Background**

This class action alleges violations of federal labor law in connection with the closure of a group of bakery facilities. The bakeries were owned by Kup Co., in which defendant KKBIC held an 80% interest. KKBIC is an affiliate of AIAC. AIAC is owned and managed by Leonard Levie.

On July 25, 2022, Plaintiffs noticed the Rule 30(b)(6) depositions of the AIAC Defendants. The AIAC Defendants identified Mr. Levie as their Rule 30(b)(6) designee. Although Mr. Levie was deposed previously, Plaintiffs report that the deposition was marred by his long pauses, his over 100 requests for counsel to repeat, restate, or rephrase questions, and the

2

over 50 occasions on which he claimed he could not respond without performing additional research. Supplemental written responses were provided, but Plaintiffs' counsel deemed them largely unsatisfactory and planned to obtain more complete answers from Mr. Levie during the Rule 30(b)(6) depositions.

Efforts to schedule the Rule 30(b)(6) depositions were complicated by the AIAC Defendants' representation that Mr. Levie would only be available months later, on November 10-11, 2022, and their alleged insistence that no person other than Mr. Levie could serve as the designee. The parties agreed to take the depositions on those dates. The AIAC Defendants moved for a protective order regarding the scope of the proposed questioning of Mr. Levie, and the Court granted the motion in part. ECF No. 153.

On Monday, November 7, 2022, AIAC Defendants' counsel informed the parties that Mr. Levie would be unable to attend the scheduled depositions because he was required to appear in a legal proceeding in the Midwest. Opposing counsel subsequently investigated Mr. Levie's alleged conflict and reportedly learned that not only had the Midwest matter been noticed in September 2022, several weeks before they were informed of the conflict, but also that Mr. Levie was never required to appear, and did not ultimately appear, in that proceeding.

The Rule 30(b)(6) depositions took place as scheduled but, due to his alleged unavailability, Mr. Levie did not testify. Instead, on the first day of the deposition the AIAC Defendants designated Jeffrey Sands as the AIAC representative. Plaintiffs submit that Mr. Sands was unable to answer critical questions about the case, including questions about certain financial transactions and arrangements surrounding the purchase of the subject bakeries. Specifically, Mr. Sands was unable to answer questions about the role of AIAC in purchasing the bakeries; the details or payment terms of a $1 million loan to KKBIC to effectuate the purchase; the role of AIAC in retaining attorneys to provide WARN Act advice; and the identity of the party to whom Mr. Sands submitted an invoice for his services.

Plaintiffs also inform the Court that certain documentation, despite being requested far in advance, was not produced until after the Rule 30(b)(6) depositions. That documentation reportedly included the Sands invoice, which invoice contained entries related to plant closures and WARN Act issues. With respect to Sands' testimony about the $1 million loan to KKBIC, he submitted a post-deposition errata sheet explaining that, in fact, there was "no formal loan." Accordingly, no loan documentation was ever produced. Plaintiffs' motion for sanctions followed.

The Court held a hearing on the motion for sanctions on February 6, 2023. The AIAC Defendants filed no written opposition to the motion, their counsel at the time of the Rule 30(b)(6) depositions had since moved to withdraw, and new counsel had entered appearances. At the hearing, the Court granted Plaintiffs' request for Mr. Levie to be deposed in person at the federal courthouse in Burlington, Vermont, and declined to issue a final ruling on sanctions.

On February 17, 2023, the Court ordered that Mr. Levie's deposition take place on March 2, 2023, and that all requested documents be turned over by noon on February 24, 2023. During a February 27, 2023 status conference, Plaintiffs reported that the AIAC Defendants' document production was deficient, and to the extent that attorney-client privilege was a basis for withholding documents, no privilege log had been produced. The Court ordered that the items specified by the Plaintiffs be produced together with a privilege log, and that such production occur by 9:00 a.m. on March 1, 2023. The Court's written order specified that "[f]ailure to comply with this Order in good faith will be considered in the context of the Court's ultimate ruling on the pending motion for sanctions (ECF No. 158)." ECF No. 188.

On the date of the March 2, 2023 deposition, the parties appeared before the Court after counsel asserted that Mr. Levie

5

was not answering questions either fully or truthfully.  The Court warned the deponent of possible contempt, and that a contempt hearing would be held if necessary.  The deposition resumed and no such hearing was held.

On March 15, 2023, Plaintiffs filed a supplement to their motion for sanctions, arguing that several categories of documents remained outstanding.  One such category, related to a payment chart that was apparently created for the purpose of this litigation, pertains to the alleged lack of documentation underlying the data in the chart.  Specifically, Plaintiffs are seeking proof of payments, invoices, and other information that would allow them to identify the roles of various individuals and entities in the purchase, operation, and closure of the bakeries.  They submit that out of the 21 payments indicated on the chart, additional documentation has been produced with respect to only two of those payments.  Also, payments of which Plaintiffs are aware through other production are reportedly missing from the chart.  Plaintiffs further submit that they have not been provided documentation of assets held by AIAC and KKBIC.

The AIAC Defendants object to several production requests on the basis of attorney-client privilege.  As noted above, the Court ordered the production of a privilege log.  The AIAC Defendants contend that 41 documents are protected by the

6

privilege. Plaintiffs question the validity of the log that was produced, noting that no client is ever identified and that the communications in question often appear to include numerous parties. Finally, Plaintiffs' supplemental filing in support of their motion for sanctions submits that promises of additional discovery production remain unfulfilled.

Plaintiffs contend that the AIAC Defendants' conduct, both with respect to the Rule 30(b)(6) depositions and document production, has "made a mockery" of the discovery process and that severe sanctions are warranted. They request numerous categories of relief, including costs and fees relative to the motion for sanctions, as well as costs and fees related to the Rule 30(b)(6) depositions. Plaintiffs also ask the Court to: preclude evidence related to any fact that the Rule 30(b)(6) witness was unable to answer or refused to answer; preclude evidence related to documents the AIAC Defendants failed to produce in advance of the Rule 30(b)(6) depositions; find as established fact that numerous entities and individuals, including Sands, those who worked with Sands after the purchase of the bakeries, and various attorneys, were agents of AIAC during the time period in question; order that documents stamped "KKBIC" were actually in AIAC's possession, custody, and control; find that there was no $1 million loan agreement; and

7

order that, to the extent any WARN Act notices were mailed, the mailings occurred after April 26, 2021.

In addition to the motion for sanctions, three cross-motions for summary judgment are pending before the Court. Any ruling on evidence at this time could impact the facts presented in support of those motions.

## Discussion

The primary issues underlying the motion for sanctions pertain to the Rule 30(b)(6) depositions and document production. Pursuant to Rule 30(b)(6), "when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject." *Reilly v. NatWest Markets Grp., Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). The corporation must designate a representative to testify on its behalf, and that representative "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). The corporation "must make a conscientious good faith endeavor to designate the persons having knowledge of the matters [identified] ... and to prepare those persons in order that they can answer fully, completely, [and] unevasively, the questions posed ... as to the relevant subject matters." *Eid v. Koninklijke Luchtvaart Maatschappij N.V.*, 310 F.R.D. 226, 228 (S.D.N.Y. 2015) (internal citation omitted).

"When a party fails to comply with Rule 30(b)(6), Rule 37 allows courts to impose various sanctions...." *Reilly*, 181 F.3d at 268. In determining whether to award sanctions, "courts treat the production of an unprepared [Rule 30(b)(6)] witness as 'tantamount to a failure to appear.'" *Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 39 (S.D.N.Y. 2009) (quoting *Kyoei Fire & Marine Ins. Co. v. M/V Maritime Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007)). For the Court to impose sanctions for non-compliance with Rule 30(b)(6), "the inadequacies in a deponent's testimony must be egregious and not merely lacking in desired specificity in discrete areas." *Kyoei Fire*, 248 F.R.D. at 152.

A party's failure to provide written discovery in compliance with a court order may also be met with sanctions under Rule 37. *See Lockette v. Am. Broadcasting Cos., Inc.*, 118 F.R.D. 88, 90 (N.D. Ill. 1987) ("Rule 37(d) enables a court to impose sanctions against a party for a culpable failure to produce documents in response to a request to produce."). "Even in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002).

9

"Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses." *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 267 (2d Cir. 1999).  In exercising discretion with respect to a sanction under Rule 37, "courts consider the following factors: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party has been warned of the consequences of noncompliance." *Ramgoolie v. Ramgoolie*, 333 F.R.D. 30, 34 (S.D.N.Y. 2019).  "These factors are not exclusive, and it is not an abuse of discretion to impose sanctions where only some of the factors have been implicated."  *Id.* at 35.  "Any decision under Rule 37 should be made in light of the full record in the case."  *Id.* (citing *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979)).

Here, the record strongly suggests willful and repeated violations of the discovery rules and this Court's orders. Events prior to the Rule 30(b)(6) depositions displayed a lack of honest communication among the parties and an eleventh-hour witness substitution that resulted in a deponent who was ill-prepared to answer fundamental questions about the case.  During depositions, and despite a warning from the Court that sanctions

10

continued to be considered, Plaintiffs' counsel was reportedly met with obfuscation and delay. Document production, whether requested by Plaintiffs or ordered by the Court, was often both delayed and inadequate. These events, viewed in the aggregate, occurred over a period of several months and prejudiced the opposing parties. The Court therefore finds that sanctions are warranted.

## Conclusion

The motion for sanctions (ECF No. 158) is granted. Defendants AIAC and KKBIC shall pay the movants' fees and costs relative to: the November 10 and 11, 2022 and March 2, 2023 depositions; the hearings held on February 6, 2023, February 27, 2023, and March 2, 2023; and the filings submitted in support of the motions for sanctions and/or joinder. With respect to any evidentiary or factual issues, the Court withholds ruling on those issues at this time, and reserves the right to impose additional sanctions as the case proceeds, including prior to trial. Counsel shall submit their fees and costs for the Court's approval within 30 days of this Opinion and Order.

DATED at Burlington, in the District of Vermont, this 21st day of August, 2023.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge