UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Matthew Chaney, Nadine          )
Miller and Arthur Gustafson,    )
on behalf of themselves and     )
all others similarly            )
situated,                       )
                                )
        Plaintiffs,             )
                                )
            v.                  )    Case No. 2:21-cv-120
                                )
Vermont Bread Company,          )
Superior Bakery, Inc., Koffee   )
Kup Bakery, Inc., Koffee Kup    )
Distribution LLC, KK Bakery     )
Investment Company LLC, KK      )
Bakery Holding Acquisition      )
Company, and American           )
Industrial Acquisition          )
Corporation,                    )
                                )
        Defendants,             )
                                )
and                             )
                                )
Linda Joy Sullivan, in her      )
capacity as the Dissolution     )
Receiver for Koffee Kup         )
Bakery, Inc., Vermont Bread     )
Company, Inc. and Superior      )
Bakery, Inc.,                   )
                                )
        Intervenor-Defendant-   )
        Crossclaimant,          )
                                )
            v.                  )
                                )
KK Bakery Investment Company,   )
LLC, KK Bakery Holding          )
Acquisition Company, and        )
American Industrial             )
Acquisition Corporation,        )
                                )
        Crossclaim Defendants.  )

## OPINION AND ORDER

Pending before the Court are submissions of fees and costs pursuant to the Court's order (ECF No. 236) granting limited sanctions against Defendants American Industrial Acquisition Corporation and KK Bakery Investment Company, LLC (collectively the "AIAC Defendants").  The plaintiff class ("Class") is seeking $184,623.25.  The Dissolution Receiver ("DR") is seeking $93,545.76.  The AIAC Defendants object to both submissions, claiming they are excessive.

## Factual Background

On August 21, 2023, the Court ordered the AIAC Defendants to pay fees and costs to the Class and the DR "relative to: the November 10 and 11, 2022 and March 2, 2023 depositions; the hearings held on February 6, 2023, February 7, 2023, and March 2, 2023; and the filings submitted in support of the motions for sanctions and/or joinder."  ECF No. 236 at 11.  On September 19, 2023, both the Class and the DR submitted their proposed fees and costs.

On behalf of the Class, Mary Olsen, Esq. submitted timesheets from The Gardner Firm reflecting 293.6 hours of work for a total of $156,792.50 in fees.  ECF No. 240-2 at 4. Attorney time for each of three attorneys was billed at a rate of $550 per hour, and paralegal time at a rate of $175 per hour.

*Id.*  The Gardner Firm's litigation expenses for the events identified in the Court's order were $10,709.71.  *Id.* at 5.

The Class is also represented by Stuart Miller, Esq. of Lankenau & Miller.  Stuart Miller billed at a rate of $925 per hour, while Attorney Johnathan Miller billed at a rate of $425 per hour.  ECF No. 240-4 at 2.  With a total of 22.3 hours billed, they are seeking $13,627.50 in fees and costs.  *Id.* Local counsel for the Class, the law firm of Cleary, Shahi & Aicher, charged fees and costs in the amount of $3,493.54, with a billable hour rate of $245 per hour.  ECF No. 240-3 at 2.

The DR is represented by Dentons US LLP ("Dentons").  Their records show 142.3 hours of work for a total of $81,000 in fees. ECF No. 239-1 at 10.  Attorney Peter Wolfson billed at a rate of $600 per hour.  *Id.*  A second Dentons attorney also billed at $600 per hour.  *Id.*  Dentons reports costs of $4,033.26.  *Id.* at 11.  Local counsel for the DR, Attorney Ian Carleton of Sheehy, Furlong & Behm, seeks fees for 5.6 hours of work at a rate of $550 per hour.  ECF No. 239-2 at 2.  Attorney Matthew Greer, also of Sheehy, Furlong & Behm, billed 2.4 hours at a rate of $300 per hour.  *Id.*  Fees for the DR's local counsel amount to $3,800.  *Id.*  The DR's other costs, aside from counsel fees and costs, were $4,212.50, with the DR herself billing at a rate of $250 per hour.  ECF No. 239-3 at 2.

The AIAC Defendants object to several of these submissions as unreasonable.  There is no objection to the claimed $3,493.54 in fees and expenses charged by Cleary, Shahi & Aicher, The Gardner Firm's costs of $10,709.91, or Dentons' costs of $4,033.26.

## Discussion

A district court has discretion to determine what constitutes a reasonable fee.  *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998).  The party seeking fees bears the burden of demonstrating that the fees are reasonable.  *See Hugee v. Kimso Apartments*, LLC, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  "As with the award of statutory attorneys' fees to a party that prevails on the merits, an award of fees as a sanction for discovery abuse begins with a lodestar analysis." *Cardwell v. Davis Polk & Wardwell LLP*, No. 19 Civ. 10256 (GHW), 2021 WL 2650371, at *3 (S.D.N.Y. June 28, 2021) (internal quotation marks and citation omitted)); *see also Creative Res. Grp. of New Jersey, Inc. v. Creative Res. Grp., Inc.*, 212 F.R.D. 94, 103 (E.D.N.Y. 2002).

As a general matter, the "lodestar" in analyzing whether an attorney's fees are appropriate is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Milea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d

4

Cir. 2011); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010); *Lilly v. City of New York*, 934 F.3d 222, 227-34 (2d Cir. 2019) (discussing calculation of reasonable hourly rates and reasonable number of hours expended).  When applying this analysis to a particular case, "[a] district court has discretion to determine a reasonable hourly rate based on considerations such as the complexity of the case, the prevailing rates in similar cases in the district, and the quality of representation." *Pasini v. Godiva Chocolatier, Inc.*, 764 F. App'x 94, 95 (2d Cir. 2019) (summary order) (citing *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012)); *see Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) ("*Arbor Hill*").

### A.  Reasonable Hourly Rates

The AIAC Defendants object to both the rates being charged by certain counsel and to the amount of time spent on various matters.  The Court first reviews whether counsel are requesting reasonable hourly rates.  *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994).

### 1.  Class Counsel

In calculating a reasonable rate, a court typically applies the "forum rule," which sets the "hourly rates employed in the district in which the reviewing court sits" as a "presumptively

reasonable fee." *Bergerson v. New York State Off. of Mental Health*, 652 F.3d 277, 290 (2d Cir. 2011) (citation omitted).  To determine the prevailing market rate, the Court is to "take judicial notice of the rates awarded in prior cases," and use "the court's own familiarity with the rates prevailing in the district." *Farbotko v. Clinton Cnty. of New York*, 433 F. 3d 204, 209, 210 (2d Cir. 2005).  A court calculating the appropriate hourly rate will also consider other factors, including the time and labor required, the novelty and the difficulty of the questions, and the level of skill required to perform the legal service properly. *Arbor Hill*, 522 F.3d at 186 n.3, 190.

In *Sullivan v. Saint-Gobain Performance Plastics Corp.*, No. 5:16-CV-125, 2021 WL 1851404, at *2 (D. Vt. May 10, 2021), the Court allowed "lodestar" rates of $350 per hour for an experienced Vermont attorney, $225 for associates, and $110 for paralegals.  With respect to "national-level environmental counsel," the Court accepted rates of $400 per hour for senior attorneys, $250 for associate attorneys, and $125 for legal assistants. *Sullivan*, 2021 WL 1851404, at *3.

In *Degreenia-Harris v. Life Ins. Co. of N. Am.*, No. 2:19-CV-00218, 2021 WL 5979683, at *11 (D. Vt. Dec. 17, 2021), a Vermont attorney sought fees of between $400 and $450, while a second sought fees between $350 and $400.  An expert witness

testified that such fees "are on the high end of what the Vermont market will bear and are reserved for cases with complex issues." *Degreenia-Harris*, 2021 WL 5979683, at *10. Although the case involved ERISA litigation, the Court found it required only "a competent lawyer with knowledge of ERISA benefits litigation" and reduced the rates to $275 and $225, respectively. *Id.* at *10-*11.

Most recently, in *Ha v. Conn*, No. 2:20-CV-155, 2023 WL 5287214, at *1 (D. Vt. Aug. 17, 2023), Vermont counsel charged his client at a rate of $350 per hour in 2022 and $365 per hour in 2023, with a paralegal rate of $125 per hour. Given that the case was a tort action, the Court found that no specialized legal expertise was required, the case was not novel, and there had been "no significant time limitations." *Ha*, 2023 WL 5287214, at *2. Accordingly, the Court reduced counsel's lodestar rate to $225 per hour, with no change to the paralegal rate. *Id.*

The instant case, a class action requiring specialized knowledge of the WARN Act, is uniquely complex. Attorneys from The Gardner Firm report that they are particularly qualified to bring such a case. Attorney Olsen, acting as lead counsel for the Class, attests that she has served as class counsel in nearly 100 WARN Act class actions nationwide. ECF No. 240-1 at

2.  The two other attorneys from her firm specialize in labor and employment law.  *Id.*

Notwithstanding these qualifications, the $550 per hour rate sought by The Gardner Firm attorneys is higher than the rates typically approved by this Court.  It is also higher than the fees generally charged by attorneys in this District.  *See, e.g., Degreenia-Harris*, 2021 WL 5979683, at *10.  In 2021, the court approved a $400 per hour rate for out-of-state counsel with specific and relevant expertise.  *See Sullivan*, 2021 WL 1851404, at *3.  Three years have passed since the *Sullivan* decision, and the Court is aware that rates generally increase over time.  The Court therefore finds that, given The Gardner Firm's experience with both class actions and the WARN Act, $450 per hour is a reasonable rate for its attorneys.

Attorney Stuart Miller attests that he has served as class counsel in over 100 WARN Act cases.  His hourly fee of $925 per hour, however, is significantly above fees allowed in this District even for complex cases.  *Id.*  The Court therefore finds that, like The Gardner Firm attorneys, Stuart Miller's fee must be reduced to $450 per hour.  Johnathan Miller's hourly fee is correspondingly reduced to $225 per hour.

### 2.  The DR and DR Counsel

The DR is represented by senior counsel Peter Wolfson and Arthur Ruegger of Dentons.  By agreement with their client, each

attorney bills at a rate of $600 per hour in this case.  The "standard national rate" for Attorney Wolfson is $1,885 per hour, while Attorney Ruegger reportedly bills at a rate of $1,350 per hour.  ECF No. 252 at 7 n.2.  Those rates are much higher than what is typically charged in the District of Vermont.  They have also been significantly discounted, and the billing arrangement with the DR "provides a strong indication of what private parties believe is the 'reasonable' fee to be awarded." *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001).

Attorneys Wolfson and Ruegger, each of whom work out of New York City, are reported to be highly experienced in the areas of restructuring, insolvency, and bankruptcy.  ECF No. 252 at 6-7. They note that while their rates may be higher than those commonly charged in Vermont, the Second Circuit occasionally permits "a deviation from forum rules ... where circumstances have warranted it," and has not "insisted on strict adherence to the forum rule." *Arbor Hill*, 522 F.3d at 193.  The Second Circuit has also acknowledged that "there is good reason for a district court not to be wed to the rates in its own community. If they are lower than those in another district, skilled lawyers from such other district will be dissuaded from taking meritorious cases in the district with lower rates." *A.R. ex*

*rel. R.V. v. New York City Dep't of Educ.*, 407 F.3d 65, 81 (2d Cir. 2005).

Acknowledging the experience of the Dentons attorneys, their agreement with their client, the significant discount from their usual fees, and Vermont's interest in retaining access to experienced out-of-state counsel, the Court will approve the $600 per hour rate. There is no objection to the rate being charged by the DR herself.

The DR's local counsel, Ian Carleton, Esq. and Matthew Greer, Esq., charge at rates of $550 per hour and $300 per hours, respectively. As noted above, these rates are considerably higher than those typically charged in this District. In *Ha*, this Court approved a rate of $225 per hour for lead counsel in a tort action. 2023 WL 5287214, at *2. This case is more complex, but does not warrant a rate of twice that amount for local counsel. Accordingly, the Court reduces Attorney Carleton's rate to $350 per hour, and Attorney Greer's rate to $200 per hour.

**B.   Reasonable Number of Hours Billed**

The AIAC Defendants also object to the number of hours billed by various attorneys. They are critical of general billing practices, particularly the alleged practice of "block billing," and of specific entries they claim are vague, excessive, or both.

### 1. Class Counsel

The AIAC Defendants contend The Gardner Firm's invoices are impermissibly vague insofar as they include "block billing." Block billing is "the practice of lumping multiple distinct tasks into a single billing entry" and "is generally disfavored." *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022). Block billing "is most problematic where large amounts of time (*e.g.*, five hours or more) are blocked billed," thereby "meaningfully cloud[ing] a reviewer's ability to determine the projects on which significant legal hours were spent." *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 53 (S.D.N.Y. 2015). Block billing is "permissible as long as the district court is still able to conduct a meaningful review of the hours." *Raja*, 43 F.4th at 87(internal quotation marks omitted).

The one block billing entry highlighted by the AIAC Defendants lists such varied activities as drafting a supporting declaration; communicating with an unnamed person regarding the declaration; communicating with the Court regarding practical implications of the withdrawal of the AIAC Defendants' counsel; reviewing errata sheets for certain depositions; work on exhibits; work on a motion to seal related to certain content and exhibits; additional communications; and an entry for "work[] on filings, communications with para[legal] re same." ECF No. 244 (citing entry for 12/19/22, ECF No. 240-2 at 2).

11

The aggregate time billed for those tasks was four hours.  While
it is difficult for the Court to discern whether the time spent
on certain individual tasks was reasonable, the total time spent
for all the listed tasks, and in particular drafting a
declaration and preparing a motion to seal, appears reasonable.

The Court notes that the entry cited by the AIAC Defendants
is the longest block entry on the entire bill.  Most time
entries list between one and three tasks, and the only entries
exceeding five hours are for the taking of depositions,
deposition preparation, research and writing, and travel to and
from Vermont combined with other work.  With the exception of
billing full rates for travel time, the Court finds such entries
reasonable.

"Travel time is generally approved by courts at half the
usual billing rate."  *Toyota Lease Tr. v. Vill. of Freeport*, No.
20-CV-2207 (DG)(SIL), 2024 WL 639989, at *10 (E.D.N.Y. Feb. 15,
2024); *see also Capax Discovery, Inc. v. AEP RSD Invs., LLC*, No.
17 CV 500, 2023 WL 140528, at *8 (W.D.N.Y. Jan. 10, 2023)
("travel time is typically compensated at half the normal rate
in the Second Circuit") (collecting cases).  The Gardner Firm's
entries must therefore be revised such that travel time is
billed at half the approved rate ($225 per hour).

The only other entry requiring adjustment on The Gardner
Firm bill is Attorney Heldman's entry on February 21, 2023,

which lists, among various other tasks, "work on response if
needed."  It is not clear from the entry that "work on the
response" was actually performed.  ECF No. 240-2 at 3.  As it is
The Gardner Firm's burden to show that its charge is reasonable,
Attorney Heldman's time entry for that date must be reduced from
3.1 to 2.0 hours to reflect work that was clearly and actually
performed.

### 2.   The DR and DR Counsel

The AIAC Defendants object to several time entries by the
DR's attorneys.  The first objections focus upon billing errors,
as on October 26, 2022 when Attorney Ruegger billed 0.8 hours
for certain communications but charged his client for a full
hour.  ECF No. 239-1 at 2.  Also, on November 12, 2022,
Attorneys Wolfson and Ruegger reportedly spent 0.1 hours on
discrete tasks, yet billed 1.0 hours each at their $600 rate.
*Id.*  These errors must be corrected and $1,200 deducted from DR
counsel's fees.

The AIAC Defendants also object to DR counsel's practice of
block billing.  When DR counsel provided a "block" narrative,
however, they usually identified the amount of time it took to
perform each task in a parenthetical within the narrative.  Only
occasionally are multiple tasks grouped together without such
time-per-task breakdowns, and those rare occasions do not render

the Court unable to determine whether the time spent was reasonable.

The Court agrees with the AIAC Defendants that Attorney Wolfson's $600 charge for reviewing an email and marking up a potential response was excessive.  ECF No. 239-1 at 2.  That task (October 26, 2022) shall be reduced to 0.5 hours.  With respect to the DR herself, the Court also agrees with the AIAC Defendants that the entry of one hour on November 7, 2022 for "review[ing] communications" is excessive, and must be reduced to 0.5 hours.  ECF No. 239-3 at 2.  The Court does not agree with the AIAC Defendants that DR Counsel's charges for preparing for and attending a hearing on the motion for sanctions were excessive.  Finally, the Court finds nothing excessive in the DR's alleged "block billing" entries.

## Conclusion

The AIAC Defendants' objections to the fees and costs submitted to the Court are sustained in part and overruled in part, and the parties seeking such fees and costs shall each submit a Revised Statement of Fees and Costs consistent with this Opinion and Order within 30 days.

DATED at Burlington, in the District of Vermont, this 26th day of March, 2024.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge