UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Matthew Chaney, Nadine Miller and Arthur Gustafson, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:21-cv-120 ) |
| Vermont Bread Company, Superior Bakery, Inc., Koffee Kup Bakery, Inc., Koffee Kup Distribution LLC, KK Bakery Investment Company LLC, KK Bakery Holding Acquisition Company, and American Industrial Acquisition Corporation, | ) ) ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| Linda Joy Sullivan, in her capacity as the Dissolution Receiver for Koffee Kup Bakery, Inc., Vermont Bread Company, Inc. and Superior Bakery, Inc., | ) ) ) ) ) ) |
| Intervenor-Defendant-Crossclaimant, | ) ) ) |
| v. | ) ) |
| KK Bakery Investment Company, LLC, KK Bakery Holding Acquisition Company, and American Industrial Acquisition Corporation, | ) ) ) ) ) ) |
| Crossclaim Defendants. | ) |

## **OPINION AND ORDER**

Pending before the Court is a joint motion for an order requiring the payment of sanctions.  ECF No. 272.  The Court has already ordered that sanctions be paid by Defendants American Industrial Acquisition Corporation and KK Bakery Investment Company LLC (jointly the "AIAC Defendants").  ECF Nos. 236, 269.  The pending motion asks the Court to set a deadline for payment in certain amounts.  For reasons set forth below, the motion is granted in part and denied in part.

The AIAC Defendants oppose the motion, arguing that they reserve the right to appeal the sanctions award and that payment of sanctions should be stayed.  In the alternative, the AIAC Defendants ask that they be allowed to post a bond.  Movants oppose the request for a stay and the alternative request for posting of a bond, proposing instead that the sanctions be paid and held in their accounts "without further distribution pending the outcome of an appeal of the Sanctions or further order of the Court."  ECF No. 275 at 6.

The Court first finds that a stay is not warranted.  Whether to stay enforcement of sanctions pending appeal lies within the Court's discretion.  *See de la Fuente v. DCI Telecommunications, Inc.*, 269 F. Supp. 2d 237, 245 (S.D.N.Y. 2003).  In deciding whether to grant a stay pending appeal, a court ordinarily considers four factors: "(1) whether the stay

applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (citation omitted). The first two factors are the most critical. *Id.* at 434.

Here, the AIAC Defendants have offered no argument as to their likelihood of success on the merits in the event of an appeal. Nor have they argued irreparable injury absent a stay. They do argue that the purpose of discovery sanctions is to deter further misconduct, and note that discovery in this case is closed. They also submit, without supporting proof or affidavits, that payment of nearly $250,000 in sanctions will burden their ability to continue this litigation. To the extent this argument is an effort to show irreparable harm, monetary loss generally does not constitute such harm. *See Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 934 F.2d 30, 34 (2d Cir. 1991) ("Monetary loss alone will generally not amount to irreparable harm.").

Movants contend that they will suffer substantial injury if the sanctions payment is stayed. They also propose, however, that the payment be made and then held "without further distribution," calling into question whether a stay of payment

3

would actually cause them injury.  As to the fourth factor, there is "a public interest in resolving matters quickly." *Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 235 (S.D.N.Y. 2016).  The grant or denial of a stay with respect to sanctions will not impact the pace of the remaining litigation.  Given that the first two factors weigh against granting a stay, while the remaining factors do not tip the balance significantly in favor of either party, the Court will not stay enforcement of the sanctions award.

In the absence of a stay, the AIAC Defendants will need to either make immediate payment or post a bond.  Their clear preference is the bond option, and they have suggested a bond in the amount of $250,000.  Movants express concern that allowing a bond "provides further opportunity for the AIAC Defendants to delay remedying their conduct and further prejudices the Movants."  ECF No. 275.  While movants cite the misconduct that led to the imposition of sanctions, it is not clear to the Court why the posting of a bond would lead to any further significant delay.

Movants also ask that if the Court allows a bond, the AIAC Defendants be required to identify the person or entity who paid for the bond and the specific terms of the bond.  Their concern appears to be that the AIAC Defendants have used "affiliated entities as piggybanks" in the past to fund their endeavors.

4

ECF No. 275 at 6 n.2. Movants do not explain why a particular source of funding for the bond would cause them prejudice, and the Court will not speculate. Moreover, given the movants' suggestion that a cash payment could be held essentially in escrow, the Court sees no obvious harm in allowing a bond instead.

Federal Rule of Civil Procedure 62(d) specifically provides that an appellant may post a bond pending appeal. Fed. R. Civ. P. 62(d). The purpose of the rule is to ensure "that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed." *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015) (quoting *Cleveland Hair Clinic, Inc. v. Puig*, 104 F.3d 123, 125 (7th Cir. 1997)). While that Rule generally applies to final judgments, the Court acknowledges the underlying principle: that posting a bond pending appeal is an adequate remedy. This Court's Local Rules impose no special conditions on bonds, and movants have not established that such conditions are necessary.

Accordingly, it is hereby ORDERED that the motion for an order awarding sanctions (ECF No. 272) is GRANTED insofar as the AIAC Defendants must provide a bond in the amount of $250,000 to ensure payment of sanctions as previously ordered by the Court.

The bond shall be provided within 30 days of this Opinion and Order.  The motion is otherwise DENIED.

DATED at Burlington, in the District of Vermont, this 5th day of August, 2024.

>   /s/ William K. Sessions III
>   William K. Sessions III
>   U.S. District Court Judge