UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| Matthew Chaney, Nadine Miller and Arthur Gustafson, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:21-cv-120 |
| Vermont Bread Company, Superior Bakery, Inc., Koffee Kup Bakery, Inc., Koffee Kup Distribution LLC, KK Bakery Investment Company LLC, KK Bakery Holding Acquisition Company, and American Industrial Acquisition Corporation, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| Linda Joy Sullivan, in her capacity as the Dissolution Receiver for Koffee Kup Bakery, Inc., Vermont Bread Company, Inc. and Superior Bakery, Inc., | ) ) ) ) ) ) ) | |
| Intervenor-Defendant-Crossclaimant, | ) ) ) | |
| v. | ) ) | |
| KK Bakery Investment Company, LLC, KK Bakery Holding Acquisition Company, and American Industrial Acquisition Corporation, | ) ) ) ) ) | |
| Crossclaim Defendants. | ) | |

**OPINION AND ORDER**

Plaintiffs Matthew Chaney, Nadine Miller, and Arthur Gustafson, on behalf of themselves and a class of similarly situated persons, bring this action alleging violations of the Worker Adjustment and Retraining Notification ("WARN") Act of 1988, 29 U.S.C. §§ 2101-2109, *et seq*. Plaintiffs and other class members are former employees of Koffee Kup Bakery, Inc., Vermont Bread Company, Inc., and/or Superior Bakery, Inc. (collectively the "Koffee Kup Entities"). The Koffee Kup Entities appear in this case through the intervening, state-court-appointed Dissolution Receiver of their assets, Linda Joy Sullivan (the "DR"). Other Defendants include the alleged purchasers of the Koffee Kup Entities, American Industrial Acquisition Corporation ("AIAC") and Koffee Kup Bakery Investment Company, Inc. (collectively the "AIAC Defendants"). After resolving multiple legal issues at summary judgment, including finding Defendants liable to Plaintiffs, the Court held a bench trial on May 12, 2025, to resolve the DR's assertion of a "good faith" defense. For the reasons set forth below, the Court finds in favor of the Plaintiffs on that issue.

**Factual Background**

The facts of this case are discussed in the Court's Amended Opinion and Order dated August 24, 2023, and the parties' familiarity with those facts is presumed. Briefly stated, the

2

case centers on the closure of three bakeries and the resulting layoff of hundreds of workers. Plaintiffs, on behalf of themselves and a class of similarly situated laid-off bakery employees, claim that Defendants failed to provide notice of the mass layoffs and/or closures as required by the WARN Act. A WARN Act violation may subject an employer to civil liability in the form of back pay and benefits for up to a maximum of 60 days for each member of the class. *See* 29 U.S.C. § 2104(a)(1).

At summary judgment, the Court found in favor of the Plaintiffs on their WARN Act liability claims. The Court also found the AIAC Defendants and the Koffee Kup Entities to be jointly and severally liable, and that the Koffee Kup Entities are entitled to indemnification by the AIAC Defendants. The DR, as representative of the Koffee Kup Entities, now asks the Court to consider her assertion of a "good faith" defense.

Under the WARN Act, an employer's good faith belief that its actions were lawful at the time of the plant closure allows the Court, in its discretion, to reduce the amount of liability. *See* 29 U.S.C. § 2104(a)(4). The DR is seeking such a reduction because executives of the Koffee Kup Entities were not involved in the decision to close operations. Specifically, former Koffee Kup Chief Financial Officer Mark Coles – the sole Koffee Cup senior executive still employed at the time of the closures – testified at trial that he played no role in the closure

3

decision, and that he was instead informed of the closure by people affiliated with AIAC. Coles also testified that he took part in a Zoom call regarding the drafting of a WARN Act notice to employees of the Koffee Kup Entities, but that the terms of the notice were drafted by AIAC's attorneys.[1]

In his trial testimony, Coles conceded that at the time of the layoffs he did not know what was required by the WARN Act in terms of notice to employees. *See* ECF No. 306-1 at 11 ("I didn't even know the basics, so I didn't get into the fine points"). With respect to the legal sufficiency of the WARN Act notice, he relied on the AIAC attorneys. *Id.* at 17 ("Without knowing better I believed that the people drafting them were being compliant, yes."). Coles further conceded that the WARN Act notice omitted critical facts, including that AIAC had failed to follow through on its promise to infuse capital into the company. *Id.* at 23, 38-39. Also missing from the notice was AIAC's claim that it had been defrauded by the Koffee Cup Entities. *Id.* Coles testified that although he did not know whether those facts needed to be included in a WARN Act notice, he believed that "full disclosure is the best for that type of situation." *Id.* at 24.

---

[1] Coles testified that the head of human resources for the Koffee Kup Entities, Susan Leonard, also participated in the Zoom call but did not present any substantive questions or comments regarding the WARN Act notice.

4

Coles was not familiar with the AIAC attorneys. Nor did he believe it was his "place" to question those attorneys. *Id.* at 18. It was the AIAC executives who were communicating with, and providing factual information to, the attorneys drafting the WARN Act letters. Coles testified that although he had initially hoped those executives were trustworthy, as of the business closure he "had lost that hope." *Id.* at 41; *see also id.* at 47 ("I didn't trust them as businessmen."). In the end, Coles refused to sign the WARN Act letters, believing that as AIAC had made the decision to close the bakeries, its executives should sign the letters. *Id.* at 14-15.

At summary judgment, the Court found that the WARN Act notice provided to the laid-off workers did not comply with the statute, and that the statutory exceptions cited by Defendants did not apply. In its most recent summary judgment ruling, the Court found that Plaintiffs are entitled to nearly three million dollars in damages. The DR's "good faith" argument is the only issue pending before the Court.

## Discussion

The WARN Act "good faith" provision allows courts to reduce liability in cases where, although the employer violated the statute, specific conduct warrants a reduction. The provision states:

> If an employer which has violated this chapter proves to the satisfaction of the court that the act or omission that violated this chapter was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of this chapter the court may, in its discretion, reduce the amount of the liability or penalty provided for in this section.

29 U.S.C. § 2104(a)(4). "Courts that have considered this 'good faith' defense have interpreted it to require proof of the employer's subjective intent to comply with the Act, as well as evidence of objective reasonableness in the employer's application of the Act." *Frymire v. Ampex Corp.*, 61 F.3d 757, 767-68 (10th Cir. 1995). "The good faith reduction is intended for circumstances where the employer technically violates the law but shows that it did everything possible to ensure that its employees received sufficient notice that they would be laid off." *Castro v. Chicago Hous. Auth.*, 360 F.3d 721, 731 (7th Cir. 2004). As the statute makes clear, the burden of proof is on the employer. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1007 (9th Cir. 2004).

Plaintiffs argue that the DR cannot satisfy either the subjective or objective prong of the statutory test. With respect to subjective intent, the DR has agreed to application of the standard set forth by the Ninth Circuit in *Childress*, which requires in part "an honest intention to ascertain and follow the dictates of the WARN Act." 357 F.3d at 1008.

6

Plaintiffs submit there is no evidence that the Koffee Kup Entities, now represented by the DR, had any such intention. *Id.* The trial testimony supports Plaintiffs' position.

The evidence presented at trial does not support a claim that Coles, or anyone else representing the Koffee Kup Entities, "ascertained" the "dictates" of the WARN Act. As noted above, Coles himself knew little about the WARN Act and its requirements. When asked by Plaintiffs' counsel whether he "took any steps to educate" himself about the WARN Act immediately prior to the distribution of the notices to employees, Coles responded: "No, I did not." ECF No. 306-1 at 36; *see also id.* at 39. He instead relied on AIAC and its attorneys for that knowledge. *Id.* at 12. On this specific issue the Court cannot find that Coles, or anyone else acting on behalf of the Koffee Kup Entities, possessed the requisite "honest intention" to understand and follow the statute. *Childress*, 357 F.3d at 1008.

The DR argues that Coles did the only thing that was reasonable for the company CFO in his position: he relied on the lawyers. The trial record shows, however, that Coles did not reach out to Koffee Kup's own lawyers. ECF No. 306-1 at 26 (Coles testifying that after the sale to AIAC, it was his understanding that Koffee Kup's legacy counsel would not be involved). Instead, he relied on AIAC's lawyers, and on the AIAC executives to provide those lawyers with the necessary facts.

7

*Id.* at 33, 36. Under the objective portion of the good faith provision, the Court must consider whether the Koffee Kup Entities had "reasonable grounds" for believing that AIAC and its lawyers were complying with the WARN Act. 29 U.S.C. § 2104(a)(4). Once again, the record favors the Plaintiffs on that question.

Coles testified that by the time the closures were being announced, he did not trust AIAC. ECF No. 306-1 at 41, 47. He believed that AIAC had promised to infuse the Koffee Kup Entities with cash and had backed out of that commitment. The failure to invest in the business was, in his opinion, the primary reason the plants were closing. *Id.* at 22-23, 32. According to Coles, the true reason for the sudden layoffs – the failure to inject capital into the bakeries – was not mentioned in the WARN Act letters. *Id.* at 38-39.

Given his mistrust of the AIAC executives, and the fact that the letters were drafted by AIAC attorneys, Coles had no reasonable basis for believing that the notice to employees would be truthful and compliant. In fact, he knew that the letters being sent to employees did not provide a full and accurate account of the reasons underlying the closures. *See id.* While Coles may have reasonably believed that understanding the WARN Act was not part of his job, and that any communications with the AIAC executives and their attorneys would have been

8

ignored, his actions nonetheless disqualify the DR from availing herself of the "good faith" defense.

It is the DR's burden to show that the Koffee Kup Entities honestly intended to understand and comply with the WARN Act, and that they reasonably believed such compliance was being achieved. *Childress*, 357 F.3d at 1007. The record in this case does not support either contention. The Koffee Kup Entities have not established that the "act or omission that violated" the WARN Act was undertaken in good faith, as they reportedly made no effort to understand what the WARN Act required. 29 U.S.C. § 2014(a)(4); *see Childress*, 357 F.3d at 1008 ("Mere ignorance of the WARN Act is not enough to establish the good faith exception."). Nor did they "have reasonable grounds for believing that the act or omission was not a violation" since, assuming they understood the law, they did not trust AIAC, and in fact knew that the WARN Act notices omitted important facts. 29 U.S.C. § 2014(a)(4). The DR's request for application of the "good faith" defense is therefore denied.

## Conclusion

For the reasons set forth above, the Court will not reduce the DR's liability on the basis of good faith.

DATED at Burlington, in the District of Vermont, this 24th day of October 2025.

                                       <u>/s/ William K. Sessions III</u>
                                       Hon. William K. Sessions III
                                       U.S. District Court Judge