UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| MATTHEW CHANEY, et al. ) <br> on behalf of himself and all others ) <br> similarly situated, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> VERMONT BREAD COMPANY, et al. ) <br> ) <br> Defendants. ) <br> ) <br> and ) <br> ) <br> LINDA JOY SULLIVAN, in her ) <br> capacity as the Dissolution Receiver ) <br> ) <br> Intervenor-Defendant. ) | Civil Action No. 2:21-cv-120-wks |

## CLASS REPRESENTATIVES' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS

Named plaintiffs, Matthew Chaney, Nadine Miller and Arthur Gustafson ("Named Plaintiffs" or "Class Representatives"), on behalf of themselves and the Class they represent, respectfully submit this motion for attorneys' fees, reimbursement of expenses, and service awards against all defendants.

This case, under the WARN Act, was hard-fought for years, with Defendants fighting at every step. The expertise and persistence of class counsel yielded a major victory with a judgment of Two Million Nine Hundred Eighty-Seven Thousand Forty Dollars and Sixty Cents ($2,987,040.60) plus post-judgment interest.

Pursuant to Fed. R. Civ. P. 54(d)(2)(B), the Named Plaintiffs state as follows:

1. This Court entered judgment in favor of the Class on November 26, 2025. (Doc. 312). Fees and expenses should be awarded under 29 U.S.C. § 2104(a)(6), on top of the amount of the judgment.

2. The amount of fees and expenses sought is approximately $810,500.[1] This estimate is based on the following:

<u>Fees</u>: $770,500

<u>Expenses</u>: $40,000

The Named Plaintiffs also request, as part of this motion and in addition to the amount shown above, an award for fees and expenses incurred in litigating the fee issue; those amounts are as yet unknown and will depend on how Defendants respond to this motion. The Named Plaintiffs will, in due course, also seek fees and expenses involved in defending against appeal in this case, and for any work needed to enforce the judgment; those are, of course, not included at this time, in this application.

3. Further, the Named Plaintiffs state as follows:

a) Pursuant to Fed. R. Civ. P. 54(d)(2)(C) and any other applicable rule, the Named Plaintiffs respectfully request that the Court set a schedule for them to submit a brief along with affidavits and records detailing the time and expenses and other relevant matters – as well as a schedule for Defendants to respond, and for the Named Plaintiffs to reply.

---

[1] The Named Plaintiffs recognize that this Court previously awarded fees and costs for some fraction of the case as a sanction against the AIAC Defendants, and that there will be no "double recovery" of amounts so awarded. The amount sought herein includes the fraction of the case for which fees and costs were awarded as a sanction, but again there will be no attempt at "double recovery."

b) The Named Plaintiffs recognize that it is sometimes appropriate to delay fee-award proceedings when a notice of appeal has been filed. However, such delay would be inappropriate in this case. The Receiver, on behalf of the bakery entity defendants, has not appealed and is not expected to do so. (Only the AIAC defendants have filed a notice of appeal.) Resolving the fee-and-expenses amount promptly would allow the Receiver to know the full amount that must be paid to the Class, which would allow the Receiver to carry out receivership duties more promptly, efficiently, and effectively. If the Receiver does not know the amount of the fee-and-expense award, then there is a likelihood that the Receiver would delay payment to the Class of the judgment itself.

c) If Fed. R. Civ. P. 23(h)(1) applies as it seems to, then notice of this motion is to be "directed to class members in a reasonable manner." The 2003 commentary to the Rule notes that "[i]n adjudicated class actions [as distinct from class settlements], the court may calibrate the notice to avoid undue expense." The Named Plaintiffs request (a) that the Court permit Class Counsel to send, by first class mail, a letter informing class members that this motion seeking an award of fees has been filed, (b) that such letter include URLs where this motion and the papers to be filed in support of it may be viewed; and (c) that such letter be mailed after the brief, affidavits, and supporting materials are filed pursuant to the scheduling order to be set by the Court.  (See Exhibit A, hereto).

d) The Named Plaintiffs, who have borne the burden of this litigation on behalf of the absent class members, should also be awarded service awards from the Class's recovery under the judgment in the amount of $15,000 each.  "Service payments have routinely been awarded to named plaintiffs." *Carbone v. Ltd. Run Games, Inc.*, 2025 U.S. Dist. LEXIS

232399, *39 (E.D.N.Y. 2025). The Named Plaintiffs will further address this in their brief, during the briefing requested above.

Respectfully submitted this 10th day of December, 2025.

                      By:    /s/    Mary E. Olsen_____
THE GARDNER FIRM
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
P: (251) 433-8100
F: (251) 433-8181

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
Johnathan Miller
100 Church Street, 8th FL
New York, NY 10007
P: (212) 581-5005
F: (212) 581-2122

CLEARY SHAHI & AICHER P.C.
Thomas P. Aicher, Esq.
110 Merchants Row, Third Floor
Rutland, VT 05701
(802) 775-8800
tpa@clearyshahi.com

*Counsel for the Class*